State of Iowa ex rel. H. J. Manchester, Sheriff, Appellee, v. J. B. Marvin, Defendant; William H. Leonard, Intervener, Appellant.

No. 40225.

DECEMBER 9, 1930.

*Edward J. Dahms,* for appellant.

*John Fletcher,* Attorney-general, *Neill Garrett,* Assistant Attorney-general, and *Carl Hendrickson,* County Attorney, for appellee.

EVANS, J.—The operation of the machine is described in appellant's brief as follows:

"The machine in question is operated as a mint-vending machine, and upon the deposit of a nickel, uniformly releases one package of mints. If the compartment is empty, the slot receiving the money automatically returns same to the depositor. These facts are conceded in this case, and the only proposition upon which it is claimed this machine is a gambling device is that it occasionally releases certain brass discs or tokens, which are stamped on one side, 'good for amusement only,' and on the other side, 'no cash value,' which remain the property of the vendor, and which can be used to replay the machine for the customer's sole amusement. Nothing of value and no merchandise is ever vended with the token. The only function it serves is to operate a reel upon which fortunes and funny sayings appear, which can be read for the customer's amusement. It is further conceded that the vending machine was sold to be used as above indicated, and that no tokens or discs were ever exchanged for any cash or anything of value."

464

The foregoing is supplemented in appellee's brief as follows:

"This machine is so constructed that, upon placing a nickel in the slot provided therefor, a package of mint confection is released from the machine. In addition to the mints, there are, at times, determined only by chance, also released brass discs or tokens. The tokens are stamped on one side, 'no cash value,' and on the other side, 'good for amusement only.' It cannot be determined in advance at what times nor in what quantity these tokens will be released. One of these tokens, on being placed in the slot of the machine, will spin a set of reels, on which are printed certain phrases, and which, when they stop spinning, form sentences purporting to give humorous advice to the player. In addition to spinning these reels, a token will, when played sometimes, at uncertain intervals, release other tokens of like kind, which may also be replayed in the machine."

From the foregoing it will be noted that the machine in question consists in its major part of a mere slot-vending machine, used for the sale of mints. To this, however, is added an accessory which is quite independent in its purpose, and has no necessary connection with the vending of mint packages.

The contention of the appellant is that the extra discs that are occasionally cast into the hand of the operating patron have no value, and that they are so stamped, and that, therefore, they cannot be used as a gambling device. The stamping of the discs had no effect upon their character or upon their purpose. If it were conceded that the disc had no value, yet the nickel which it induced from the patron did have value. The use of the discs had a manifest purpose. Such purpose was to stimulate the expectation of the buying patron that he might receive something more than a package of mints. The only apparent economic reason for their use was that they would induce a larger deposit of nickels in the slot than would otherwise ensue. Among the patrons of the machine, some, if not many, of them might prefer the feature of amusement, rather than the package of mints. If these discs were made "good" for admission to a movie or other place of amusement, their character as a gambling device would be readily recognized. Something akin thereto was their actual function as used. The "movie" was furnished instanter in response to the call of the disc. It must be held,

therefore, that the machine in question was a gambling device, within the meaning of the statute. It may be conceded that the gambling feature was of a very mild form, and that the offense might well be pardoned upon a plea of penitence and of purpose to desist. But it furnishes poor standing ground for the intervener to ask of the courts a certificate of character for such device. The statute is plain and comprehensive in its terms, and affords no excuse for its misunderstanding. It leaves no field of doubt or debate as an arena for a contest of wit or ingenuity as to whether a gambling device may be so contrived as to conceal its essential character and yet so as to function successfully. Our own cases on this subject have been a successive consideration of ingenious attachments intended by the inventor as a near approach to the prohibitive line. Of course the distance from the inner to the outer side of a line is not great. But in the cases which have so far been brought before us, no inventor has been able to contrive a *non-gambling* device which functions nevertheless as a *gambling* one.

The device under consideration herein has had the attention of some of the courts in other jurisdictions, and has been there condemned. *Harvie v. Heise,* 150 S. C. 277 (148 S. E. 66) ; *City of Moberly v. Deskin,* 169 Mo. App. 672.

The judgment of the district court is—*Affirmed.*

MORLING, C. J., and FAVILLE, KINDIG, and GRIMM, JJ., concur.