## COLBERT, Sheriff, et al. v. SUPERIOR CONFECTION CO.

No. 20438. Opinion Filed Nov. 3, 1931.

Rehearing Denied Jan. 12, 1932.

F. M. Dudley and R. B. Brown, for plaintiffs in error.

Sigler & Jackson, for defendant in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Carter county, Okla., in favor of the defendant in error herein, plaintiff therein, against the plaintiffs in error herein, defendants therein. The parties hereinafter will be referred to as plaintiff and defendants.

By the judgment of that court, the defendant "and those acting under them and each of them are hereby forever enjoined, restrained, and debarred from in any manner interfering with said plaintiff, or those with whom said plaintiff may contract in and for the operation of the slot machine or slot machines of similar character and design mentioned in said plaintiff's petition." The trial court further held "that said slot machines, when operated in the manner as reflected by the evidence in this cause, is not and does not constitute a gambling device in violation of or prohibited by the laws of the state of Oklahoma; and that said slot machines in question are not gambling devices within the meaning of the statutes of this state." From that judgment the defendants appealed to this court.

Section 1941, C. O. S. 1921, provides:

"Any person who sets up, operates, or conducts, or who permits to be set up, operated, or conducted in or about his place of business, whether as owner, employee or agent, any slot machine for the purpose of having or allowing the same to be played by others for money, property, checks, credits, or any representative of value, shall be deemed guilty of a misdemeanor and upon conviction shall be punished by a fine of not less than $25, nor more than $100, or by imprisonment in the county jail for a term of not more than 30 days, or by both such fine and imprisonment."

The record in this case shows that the plaintiff was about to set up, operate, and conduct, with others on a "fifty-fifty" division of profits, slot machines for the purpose of having and allowing the same to be played by others for property and metal checks, and that the defendants threatened to interfere with the plaintiff in the operation of those machines.

Under the provisions of the statute quoted, it is immaterial whether the checks are of value or not. The act is not limited to property or checks "of value," but includes both property and checks, without regard to the value thereof. It is immaterial whether or not the playing of the slot machines amounts to gambling. The act of playing the machines is prohibited, without regard to whether or not the same amounts to gambling.

The right of the state to legislate against this character of machine, without regard to whether or not the machines are kept or operated for gambling purposes, has been sustained by other courts. See 27 Corpus Juris, 989; 12 R. C. L. 730, and cases therein cited. We quote from the decision of the Supreme Court of Montana in State v. Woodman, 26 Mont. 348, 67 P. 1118, as follows:

"As to the character of the machines, the use of which is prohibited, it is clear from the context that the Legislature had in mind those similar to the one shown by the evidence to have been in use by the defendant, the operation of which involves the element of chance. It is not possible that it was purposed to prevent the use of automatic machines to sell gum, salted peanuts, and other such articles, which always deliver the same amount when the specified price is deposited. Assuming, therefore, that the statute has no application to machines of the latter

class, what is the rule of construction applicable to the expression, 'any property or thing whatever'? In the connection in which it is found, does it include cigars and other articles of merchandise? We think it does. * * * The enumeration includes every species of property of the classes to which the particulars belong. 'Money' includes all money; 'checks' includes all kinds of articles embraced under that designation; 'credits' is a term of universal application to obligations due and to become due; and when we consider the expression, 'any representative of value,' there is nothing left of any of the classes of property enumerated. * * *"

That is the construction placed on the act by the Oklahoma Criminal Court of Appeals. See Nelson v. State, 37 Okla. Cr. 90, 256 P. 939.

It is here contended that the checks paid by the machines in question are not redeemable in merchandise or anything else; that they have no value, and that they are merely loaned to the player that he may use them in "amusing" himself by playing the machine with them without hope of profit. The record shows that no mints are dispensed by the machine when played with these checks. That contention is without merit. The player puts a nickel in the machine and parts with it forever. If he was induced to do so by the knowledge that he would get a package of mints from the machine which was reasonably of that value, we would have a different situation than that presented by the record. This record shows that the player is induced to put his nickel in the machine in part by the knowledge that he will get a package of mints from the machine which is reasonably of that value, and in part by the hope that he will get a number of checks from the machine with which he may thereafter "amuse" himself. That hope that induces him to play the machine and thereby spend money that he would not spend for mints alone, and the inducement held out to him to get something for nothing on the "turn of the wheels" in the machine, is doubtless what the Legislature sought to prohibit by the enactment of the statute in question.

We call attention to the testimony of the witness for the plaintiff and the fact that the mints contained in the machine are not delivered to the player of the machine until the player turns the knob releasing them. This witness was asked why the machine did not throw the mints out directly, and his answer was, "You couldn't make any money that way." This witness testified that, through the operation of the machine, they were "selling the mint and the amusement also," and that the "object is to sell both of them."

The plaintiff, in its brief, attempts to change the language of the statute, but this court is not authorized to change that language. It is clear and unambiguous and speaks for itself.

The plaintiff relies upon the case of State v. Krauss (Ohio) 151 N. E. 183, in which it was held that a slot machine is not per se a gambling device. Therein it was said:

"Until something was received or to be received in the future, as a result of the operating of the so-called gaming device, we fail to see how there could be a violation of the statute."

That is what the record in this case shows, that is, that the player was induced to believe that if he played the machine with nickels long enough, he would finally get some checks which he could use for the purpose of playing the machine for amusement, and the amount of checks to be received is dependent upon conditions over which he has no control. If the act in question applied only to things of value, we think that the amusement held out as an inducement is a thing of value sufficient to bring these machines within the plain provisions of the act. We are of the opinion that the act is applicable without regard to the value of the things held out as an inducement to the playing of the machine.

The trial court was in error in granting an injunction restraining the defendants from enforcing the plain provisions of the act in question, and its judgment is reversed, and the cause is remanded to that court, with directions to dismiss this action.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur.