## Smith et al. v. Harris, Commonwealth's Attorney.

(Decided Dec. 8, 1936)

WAUGH & HOWERTON for appellants.

B. M. VINCENT, Attorney General, ROSCOE VINCENT, Assistant Attorney General, and E. POE HARRIS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

E. B. Smith, E. H. Carney, and others, some of whom are "operators and players and maintainers of what is known as 'Pinball Box' games and machines" and some of whom are "location tenders and operators" of the machines, brought this action against E. Poe Harris, Commonwealth's Attorney for the Thirty-Second Judicial District of Kentucky, to enjoin him from prosecuting them, and from confiscating or destroying their "pinball" machines. A demurrer to the petition was sustained and the petition dismissed. Plaintiffs appeal.

The material portions of the petition are as follows:

"That the said public and customers and others who wish to play the said game deposit a nickel in the said machine and that on the said machine there are various numbers, and the player or players or operator propels into the said pinball machine ten marbles or 'pin balls' by means of a spring or catapult which propels one ball at a time,

and that the said released pinball, due to pressure or lack of pressure on the spring catapult, propels, shoots and lodges a ball in the opening before a given number; that upon such release of all the marbles or pinballs, a score is made by the adding of all the given numbers in front of the openings, and upon obtaining a certain score, then in that event said player is entitled to some amount in merchandise or other thing of value, and that the said player does not depend upon a game of chance, but upon his skill in manipulating the said spring or catapult and placing the marbles in the openings before certain numbers.

"Plaintiffs state that said machine is not a gambling device, but is a game of skill and amusement and is used for the amusement of patrons of said establishments where they are placed; that the player is not made to pay any more money or thing of value, or money upon his failure to make or obtain any definite or stated score, and pays nothing other than the regular entrance fee for playing the game; and no premium or prize is awarded the player for the making of any arbitrary score on the number selected by his skill, whether the number be very high or very low; but that the score so obtained is through the skill and adroitness of the player alone and the said game is a game requiring skill, adroitness and aptitude in both the eye and touch and the exhibit of skill, adroitness and aptitude in the operation of the game is the element that affords the amusement, practice of the eye and hand and entertainment to the player and is well worth the price charged therefor, which is usually five cents.

"The plaintiffs state that said game is for amusement and entertainment alone and is operated and played in much the same manner as the game of pool or billiards, or conducted in the same manner as indoor golf—one player out of each group of players having the highest score wins. * * *

"Plaintiffs state that the machines in question are not gambling devices which are prohibited by section 1960 of the Kentucky Statutes, or any other provision or section of said statute, and that they

were not in use or invented at the time of the passage of the said statute, but that they are simply means of amusement, entertainment and practice of skill and judgment and were patented in very recent years and were not in contemplation of the legislature at the time of the passage of the said statute."

Other questions are discussed in briefs, but, in view of the conclusion of the court, the only question we need consider is, whether the machine or contrivance is one ordinarily used for gambling purposes. If it is, it comes within the prohibition of section 1960, Kentucky Statutes. The argument on behalf of appellants is that on demurrer the allegations of the petition must be taken as true, and they clearly show that the pinball machine is not a contrivance ordinarily used for gambling purposes, but is solely a game of skill on the part of the players. It is true that it is so alleged in the petition, but the petition also describes the machine itself and the method of its operation, and clearly discloses that it is the same character of machine involved in the recent case of Commonwealth of Kentucky v. Andy Bowman, 267 Ky. 602, 102 S. W. (2d) 382, where the court, after a careful consideration of the question, pointed out that there was quite a difference between a prize for skill and a hazard or chance on skill, and concluded that, notwithstanding any question of skill in the operation of the machine, the element of hazard and chance still remained, and the machine was therefore a gambling device within the meaning of the statute. Further elaboration is unnecessary. It follows that the demurrer to the petition was properly sustained.

Judgment affirmed.