STATE OF MAINE *vs*. RALPH LIVINGSTON.

Aroostook.        Opinion, January 18, 1938.

*George B. Barnes*, County Attorney for State.
*Herschel Shaw*, for respondent.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

THAXTER, J.    The respondent was indicted for a violation of R. S. 1930, Chap. 136, Sec. 1, in permitting gambling in a tenement under his care and control. The case is reported under a stipulation that, if the prosecution can be maintained, the case is to be remanded for sentence of the respondent; if not, it is to be remanded for an entry of *nolle prosequi*.

The respondent had in a lunch room operated by him a machine known as a "Ten Grand Pin Game," which was duly licensed under the provisions of P. L. 1935, Chap. 82. It is unnecessary to go into the intricate details of the operation of this machine. In brief, for a nickel two shots may be made. The operator pulls back a pin which, on being released, strikes a steel ball which runs in a trough on the right side of a board, the outer end of which is approximately three inches higher than the end towards the operator. The ball is propelled up to the outer end, and drops back by gravity over the face

of the board in which are holes which may catch the ball. A device under the machine, which in no way can be controlled by the operator, may or may not, depending on chance, so far as the operator is concerned, illuminate a number on the shaft of an arrow set in the machine. If a number is illuminated, the player may win certain tokens good for trade, if he can put a ball in the hole numbered 10,000, or one in the hole numbered 2,000, and one in the hole numbered 3,000. If no number is illuminated, tokens may be won by putting one ball in the 2,000 hole and the other in the 3,000 hole. The 10,000 hole is the easy one to shoot for. If the player wins, the machine ejects the number of slugs shown by the illuminated number. It may be readily seen to what an extent chance plays a part in the winning of the tokens. In the first place, the lighting of a number by a mechanism which is entirely beyond the operator's control, determines whether or not the operator may have the easy chance to put a ball in the 10,000 hole; in the second place, the number of the tokens which the operator will receive is entirely determined by chance. Whether or not the player wins depends to some extent on his skill, to a very large extent on chance; and the amount of his winnings, if he is successful, depends entirely on chance.

It would seem obvious that this machine is a gambling device. It is none the less one because skill is a factor in the player's success. We might as well say that playing cards for money is not gambling because the result is in part dependent on a player's skill. The law in this state is well settled that such a machine as this is a gambling device and comes within the prohibition of the statute. *State* v. *Baitler*, 131 Me., 285, 161 A., 671.

Do the provisions of P. L. 1935, Chap. 82, change the law? This is entitled "An Act to Tax Games of Skill." It provides for a tax on games of skill, for a license to dealers in them, and a penalty for the possession of any game which has not been licensed. Section 1 provides in part as follows:

" 'Game of skill' shall mean any slot machine, or contrivance which releases balls or other objects subject to the controls of the slot machine or contrivance, upon the insertion of a coin, disc or token, the play of which machine or contrivance is in some measure dependent upon the skill of the player."

On its face the act would seem to be a revenue measure. Nothing is said about any modification of the general gambling statute. In fact an intent to amend that law would seem to be negatived by the following provision in Section 4:

"The licensing of any such game of skill shall not be a defense on the part of the holder of such license to prosecution for violation of any of the provisions of chapter 136 of the revised statutes as amended, relative to gambling nor to seizure and forfeiture thereof if used or permitted to be used for gambling purposes."

*Judgment for the State.*
*Case remanded for sentence.*