## Steely v. Commonwealth.

May 8, 1942.

L. O. Siler for appellant.

Hubert Meredith, Attorney General, and Jesse K. Lewis, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

Section 1960 of Baldwin's 1936 Revision of Car-

roll's Kentucky Statutes, makes it unlawful for anyone with or without compensation to set up, carry on, keep, manage, operate or conduct, or assist therein "a keno bank, faro bank or other machine or contrivance used in betting whereby money or other thing may be won or lost," etc. Section 1967 of the same Statutes prescribes that "Whoever shall suffer or permit any game or table, bank, machine, or contrivance, mentioned or included in Section 1960 of this chapter, to be set up, conducted, kept or exhibited in any house, boat or float, or on any premises in his occupation or under his control * * * shall be fined from two hundred and fifty dollars ($250.00) to five hundred dollars ($500.00) for each offense."

Appellant and defendant was charged by the indictment returned by the Whitley circuit court with violating the latter section. At his trial he was convicted, with an imposed fine of $250. After his motion for a new trial was overruled he filed a transcript of the record in this court with a motion for an appeal, which motion is now sustained. The usual list of grounds constituting alleged errors for which new trials should be granted are contained in the motion therefor, including the action of the court in overruling defendant's motion for a peremptory instruction of acquittal, and also complaint of instructions given to the jury. The other grounds we regard as wholly immaterial, even if sustained by the record, but at least some of them are not. We will, therefore, devote this opinion entirely to a consideration of the stated grounds, supra.

The testimony disclosed that the contrivance that defendant suffered and permitted to be set up and conducted on his premises (drug store) was what is usually known as a "Pin Ball" machine, which the testimony describes, and likewise describes its manipulation by the player. It consists of a small table with its surface slanting upwards from the end at which the player stands, and which is equipped with a plunger which he manipulates, striking therewith some balls, which are knocked towards the upper end of the table and they rebound and roll back towards the lower end with landings that are directed by the obstructions on the surface encountered by them on their return. Those obstructions are bulbs or other sorts of bumpers, and when touched by the ball in returning to the lower end of the table will light up. The player deposits a nickel in the

provided place for that purpose before commencing, and if he succeeds in bringing about a prescribed result with the five shots which he is allowed for his nickel, he wins the right to a replay and perhaps, if he scores high enough he may be entitled to more than one replay. If on the replay he is again successful in making the required score of points he is entitled to a second replay, and so on. He obtains no property as a winning prize for his success, the stake consisting only in an effort to obtain replays. Defendant testified that the receipts from the contrivance during a week was between twelve and fifteen dollars, which, less his commission, goes to its owner, who has placed the contrivance on or in the premises with the consent of the owner of the latter.

Under the presentation as so made, defendant's counsel vigorously argues that his motion for a peremptory acquittal should have been sustained on the ground that the described contrivance which defendant suffered and permitted to be operated on his premises is not embraced by Section 1960, supra, of our Statutes, in that, no ''money or other thing may be won or lost'' by the player. On the other hand, counsel for the Commonwealth, with equal force and vigor, argues that the chance of gaining a replay, or replays, thereby furnishing prolonged amusement and practice to the player, is at stake, which may be won or lost, and that such contingent right is embraced by the words ''or other thing'' as contained in the Statute. Defendant's counsel therefore, first contends that the ultimate prize upon success in the manipulation of the contrivance so described is not one within the meaning of the statute referred to, and that his client's winning is accomplished by skill and, therefore, the maintenance of the machine is not punishable, as it is declared by some courts, when the assumed distinction exists. But that contention, we conclude, is not sustained by the evidence in this case. It is true that with practice a player may develop some skill which would aid him in bringing about the successful result of obtaining the right to a replay; but even with such practiced manipulater the chances of success in the plunging of the five balls allotted to him are few and far between, and the opportunity for skill to have any appreciable effect on the result of the play is almost completely overshadowed by the element of chance. So that this contention by counsel is eliminated from the case—the evidence heard at the trial refuting it. There

is left, therefore, for consideration the question of whether or not the right to a replay, or replays, extended to the manipulator upon his making the required showing to obtain that right, is a *thing* other than money which may be won or lost by the player in manipulating the contrivance?

It will be observed that the denounced engagement is one "whereby money or other thing may be won or lost." The "other thing" which may be won or lost is not confined to money, nor to corporeal articles of money value. Also it is true that the winning of the right to a replay without any additional deposit possesses the value of a nickel, the amount of its cost. Therefore, the player, if successful, wins the value of a nickel as invested in such an engagement. But there is also a plus value, which is the chance of obtaining another or a number of other free rights to additional plays. Therefore, it would seem that the position of defendant's counsel—that the prize to be won or lost is not embraced by the words "other thing"—is illogical and without foundation.

Before citing the opinions of this or other courts declaring the rule applicable to the facts, it should be kept in mind that many writers of judicial opinions are frequently guilty of dictum statements in composing them. Instead of confining their opinions to declaring the law arising upon the specific facts of the case, the writers thereof engage in stating—so as to illustrate and emphasize their actual decisions upon the facts presented—what would be the law as applicable to a different state of facts, which is the rankest sort of dictum, and which we have encountered in reading some of the opinions cited by the respective counsel.

The two domestic cases of Smith v. Harris, 267 Ky. 439, 102 S. W. (2d) 385, and Commonwealth v. Bowman, 267 Ky. 602, 102 S. W. (2d), were cases where the player, if successful, obtained either money or a token in the way of a check possessing value and which might be traded or used by the player to obtain articles of value from the one upon whose premises the contrivance was operated. There was no question involved in either of those cases similar to the one we have here, i. e., whether the stake involving the chance, upon success, to obtain the right to a replay would be in violation of the statute. Both those cases expressly stated that the contrivance

there involved—which, as described in the opinions, were almost identical with the contrivance involved in this case—was a "Pin Ball" one. It, therefore, truthfully may be said that this case appears to be the first one presented to this court involving the question outlined, supra, for determination. Like many other questions arising in the administration of the law, different courts arrive at contrary conclusions, and counsel for defendant cites some foreign opinions which appear to hold that the chance taken by the player to obtain the right to a replay upon his success in manipulating the contrivance is not such a thing to be won as is contemplated by such statutes. But, an equal, if not a greater, number of courts arrive at a contrary conclusion and hold that the chance of obtaining such replays upon success is embraced by the words "other thing" as contained in such statutes.

In arriving at what we conclude to be the proper interpretation, we have been guided to some extent by the object and purposes of the Legislature in enacting such statutes, and the settled and determined efforts of the manufacturers of such contrivances (who at least obtains the original deposit for manipulating them by the player) in their efforts to comply with the letter of the statute, but at the same time to thwart the design to suppress the vice of gambling and to curb the urge to engage in it, which, after all, is an engagement whereby some sort of prize or stake possessing value to the player may be won or lost through manipulation by the player, and which distinguishes it from all such contrivances as an automatic piano played by dropping a nickel in the slot, since the machine itself, without any manipulation of the depositor, accomplishes the result, which result is only the production of but one piece of music with no chance of hearing another piece after the first without an additional deposit.

The situation to be dealt with was succinctly stated by the Missouri Appellate Court in the case of Moberly v. Deskin, 169 Mo. App. 672, 155 S. W. 842, 844, and which statement is inserted in the Bowman opinion supra as approved by this court. Believing that it will bear repetition, we likewise insert it here. It says: "In no field of reprehensible endeavor has the ingenuity of man been more exerted than in the invention of devices to comply with the letter, but to do violence to the spirit

and thwart the beneficial objects and purposes, of the laws designed to suppress the vice of gambling. Be it said to the credit of the expounders of the law that such fruits of inventive genius have been allowed by the courts to accomplish no greater result that that of demonstrating the inaccuracy and insufficiency of some of the old definitions of gambling that were made before the advent of the era of greatly expanded, diversified, and cunning mechanical inventions. The chief element of gambling is the chance or uncertainty of the hazard. It is not essential that one of the parties to the wager stands to lose. The chance taken by the player may be in winning at all on the throw, or in the amount to be won or lost, and the transaction should be denounced as gaming whenever the player hazards his money on the chance that he may receive in return money or property of greater value than that he hazards. If he is offered the uncertain chance of getting something for nothing, the offer is a wager, since the operator offers to bet that the player will lose and in accepting the chance the player bets that he will win." In the Bowman opinion [267 Ky. 602, 102 S. W. (2d) 384] following that quotation, we said: "That excerpt clearly expresses our views concerning this case and renders further elaboration unnecessary."

Without extending this opinion with the insertion of excerpts, we list the following cases in which the exact question here involved was also involved in them, and wherein the courts held that the chance of obtaining a replay was of sufficient value to the player to be a thing to be won or lost by him, so as to bring the contrivance and the results of its operation by the player, within the terms of the statute. Those cases are: Colbert, Sheriff, v. Superior Confection Co., 154 Okl. 28, 6 P. (2d) 791; Mackay v. State, 65 Okl. Cr. 149, 83 P. (2d) 611; Harvie v. Heise, 150 S. C. 277, 148 S. E. 66; Painter v. State, 163 Tenn. 627, 45 S. W. (2d) 46, 81 A. L. R. 173; Kraus v. City of Cleveland et al., 135 Ohio St. 43, 19 N. E. (2d) 159; State ex rel. Manchester, etc., v. Marvin, 211 Iowa 462, 233 N. W. 486; City of Milwaukee v. Burns, 225 Wis. 296, 274 N. W. 273; People v. Cerniglia, Mag. Ct., 11 N. Y. S. (2d) 5; Shapiro v. Moss, 245 App. Div. 835, 281 N. Y. S. 72; State v. Abbott, 218 N. C. 470, 11 S. E. (2d) 539; State v. Baitler, 131 Me. 285, 161 A. 671; and Broaddus v. State, 141 Tex. Cr. R. 512, 150 S. W. (2d) 247.

In the case of Kraus v. City of Cleveland, supra [135 Ohio St. 43, 19 N. E. (2d) 160], the Ohio Supreme Court in arriving at its conclusion under facts exactly parallel to those appearing in this record, said: "However, for a game to constitute gambling, it must be one which is played for gain of uoney or a thing of value as the prize or reward. * * * Amusement is a thing of value. Were it not so, it would not be commercialized. The less amusement one receives, the less value he receives, and the more amusement, the more value he receives." Also in the same opinion the court makes these observations: "Since amusement has value, an added amusement has additional value, and since it is subject to be procured by chance without the payment of additional consideration therefor, there is involved in the game three elements of gambling, namely, chance, price and a prize."

The courts in the other cited cases are equally emphatic in the conclusions they reached as to the proper interpretation on similar and frequently exact situations. Also, the text in 24 Am. Jur. on page 423, in section 35, states the correct rule to be as declared in the cited cases, supra, citing in note 9 thereto some of the cases above listed. A discussion of the question, as it has been decided by the various courts, is contained in annotations in 60 A. L. R. 343; 132 A. L. R. 1004, and 135 A. L. R. 104.

In the light of the purpose intended to be accomplished by the enactment of such statutes in suppressing the lure to obtain something for nothing—and possibly to suppress the idleness of the player and spectators while playing at such contrivance—and in the light of the reasoning of the courts, supra, we conclude that the contrivance here involved as manipulated, with the prize and chance held out to the player, brings the case within the terms of the statute and defendant, if found guilty, punishable thereunder.

We do not regard the criticisms of the instructions as material, since the facts are undisputed and the jury could not, in any event, do less than to return a verdict of guilty. Wherefore, for the reasons stated, the judgment is affirmed.