**DeWITT SINCLAIR, as Sheriff of Polk County, Florida, v. EARL BENTON.**

10 So. (2nd) 917                                    June Term, 1942
December 22, 1942                                         En Banc

*J. Tom Watson,* Attorney General, *Woodrow M. Melvin,* Assistant Attorney General, *L. Grady Burton,* State Attorney, for appellant.

*J. C. Rogers,* for appellee.

BUFORD, J.:

Appeal is by the state bringing for review order of the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, discharging petitioner in habeas corpus proceeding.

The record shows that the petitioner was charged with unlawfully having possession and control of a coin operated mechanical device which is operated by inserting a nickle in a slot which entitles him (the player) to one play. That said machine was operated in the same manner as was the pay-off slot machine, except that it is so constructed that it does not pay off any slugs or other tangible things of value, but if the wheels of the machine when operated stop at certain combinations then the player was entitled to two or more free plays of the machine, dependent upon combinations shown when the wheels come to a stop.

The parties agree that the one question presented is as follows:

"Is the possession of a coin operated machine which is so designed that when operated by the insertion of a coin, the player, upon an unpredictable result, may become entitled to receive as a reward two or more 'free plays' or additional rights to use such machine, rendered lawful by the provisions of Section 19, Chapter 20956, Laws of Florida, Acts of 1941?"

Section 849.16 Fla. Statutes, 1941, provides: "849.16. Machines or devices which come within provisions of law.— Any machine or device is a slot machine or device within the provisions of this chapter if it is one that is adapted for use in such a way that, as the result of the insertion of any piece of money or coin or other object such machine or device is caused to operate or may be operated, and by reason of any element of chance or of other outcome of such operation unpredictable by him, the user may receive or become entitled to receive any piece of money etc. . . . or the user may secure additional chances or rights to use such machine, apparatus or device, even though it may, in addition to any element of chance or unpredictable outcome of such operation, also sell, deliver or present some merchandise, indication or weight, entertainment or other thing of value."

Chapter 20956, Laws of Fla., Acts of 1941, is a general occupational license tax statute. Section 19 of the Act provides:

"Section 19. Every person who operates for profit any machine, contrivance or device which is set in motion or

made or permitted to function by the insertion of a coin or slug, shall pay a license tax of $5.00 for each machine, contrivance, or device; provided that when any merchandise vending machine is located in and operated only in a place of business for which a license has been duly issued for trading, buying, bartering, serving or selling tangible personal property under this or other law of this State the license tax thereon shall be $2.00 for each machine, contrivance or device; provided that when any machine, contrivance or device as described herein operates by the insertion of a penny, the license tax thereon shall be Fifty cents for each machine, contrivance or device. This section shall license all coin operated machines contrivances or devices operated for amusement and *that do not dispense any form of prize or reward,* but shall not be construed to authorize the use of any machine, contrivance or device for gambling or as a game of chance. No license shall be required on coin operated parcel checking lockers and toilet locks used in railroad, bus, airport stations, or depots, and in hotels, boarding houses, restaurants and rest rooms for the convenience of, and in rendering service to the public, nor on penny operated vending machines located in licensed places of business and dispensing only nuts, citrus juice and other food products." (Emphasis supplied)

This brings us to the controlling question in this case, which is: Whether or not the provisions of Sec. 19, supra, supersede the provisions of Section 849.16, supra, which must be answered on determination of whether or not the feature of the operation of the machine which provides for the winning of free chances to operate the machine constitutes the dispensing, in any form, of prize or reward. There appears to be no question but that free plays on the machine constitute a prize or reward, but it is the contention of the appellee that because the machine is so constructed as not to eject tokens evidencing the right of free plays, or to be used for free plays, but merely operates mechanically so as to indicate that the player is entitled to the free plays and thereupon to mechanically allow the player to enjoy the privilege of making the free plays, it does not come within the condemna-

tion of the statute. We cannot agree that this construction is tenable. It appears that even the appellee would not question the application of the condemnation of the statute if slugs or other markers had been delivered to the player by the machine entitling him to a number of free plays equal to a number of slugs so obtained, because it had been generally held that the amusement obtained in playing a machine is a thing of value and that when a player receives slugs or other counters or markers which he is entitled to play in the machine without further cost, he receives a thing of value. See Rankin v. Mills Novelty Co., 182 Ark. 561, 32 S. W. (2) 161; State v. Baitler, 131 Sup. Judicial Crt. of Maine 285, 161 Atl. 671; Painter v. State, 163 Tenn. 627, 45 S. W. (2) 46; Colbert v. Superior Confection Co., 154 Okla., 28, 6 Pac. (2) 791; Alexander v. Martin, 192 S. C. 176, 6 S. E. (2) 20, 81 A.L.R. 177, annotation.

While it is true that criminal statutes must be strictly construed, we are not here construing a criminal statute, but we are construing a tax statute which provides that it shall not apply to a certain type of coin operated machine and upon that construction must depend our determination as to whether or not a criminal statute has by implication been repealed.

So it is that we must determine whether or not the word "dispense" is so narrow in its meaning as not to apply to free chances to play an amusement machine which does not eject slugs, tokens or markers, but only makes the free plays available to the player as indicated by the combination shown when the wheels of the machine come to a stop. We have found no good reason to apply so narrow an application to the word "dispense." One of the definitions given in Practical Standard Dictionary is that "dispense" means "to grant dispensation." Here there is a definite granting of the dispensation to indulge in free plays. One of the definitions given in Webster's New International Dictionary (2nd) is that dispense means "to give" and here we have the giving of free chances upon the condition that the machine shows certain combinations. A machine of this sort is in terms condemned by Sec. 849.16 Fla. Statutes 1941,

and that provision is not repealed by implication or otherwise in the provisions of Sec. 19 of Chapter 20956, Laws of Fla., Acts of 1941.

It is not made to appear by the record here that petitioner was unlawfully restrained of his liberty. Therefore, the judgment of discharge is reversed with directions that the court below enter judgment remanding petitioner to the custody of the respondent.

So ordered.

BROWN, C. J., WHITFIELD, CHAPMAN, THOMAS and ADAMS, JJ., concur.

TERRELL, J., not participating.