STATE OF IOWA ex rel. HOWARD HARMAN, Keokuk Chief of Police, appellee, v. JOHN DOE and certain gambling devices taken from the Cozy Corner Confectionery, appellants.

No. 50930.

(Reported in 123 N.W.2d 400)

SEPTEMBER 17, 1963.

REHEARING DENIED NOVEMBER 12, 1963.

Roy W. Meadows, of Des Moines, and N. E. McManus, of Keokuk, for appellants.

Evan Hultman, Attorney General, John H. Allen, Assistant Attorney General, and Robert B. Dickey, Lee County Attorney, for appellee.

HAYS, J.—The sole issue to be determined on this appeal is whether or not pinball machines which in the course of each game *may* give the player one or more additional balls to shoot are gambling devices under section 726.5, Code of 1962.

This Code section reads as follows: Possession of gambling devices prohibited. "No one shall, in any manner or for any purpose whatever, except under proceedings to destroy the same, have, keep, or hold in possession or control any roulette wheel, klondyke table, poker table, punchboard, faro, or keno layouts or any other machines used for gambling, or any slot machine or device with an element of chance attending such operation."

The pinball machine in question is coin operated and known as the "flipper type". Each player upon inserting a dime is assured the privilege of shooting at least five balls which constitutes a game. The ball is propelled to the top of the board by a spring device and it then rolls by gravity to the lower area of the board, where it can again be propelled to the top of the board by use of the flippers, which are actuated by the player by use of a button located on each side of the machine. There are located on the surface of the board bumpers which rebound the ball by their own force, or by an electrically motivated force, and a score is recorded for contacting the bumpers or passing through certain gates. If during the game the player makes a score of 2000 the player receives an extra ball. If during the play the ball makes contact with a particular bumper or a gate the player may receive an extra ball. It is conceded that the machine does not issue merchandise or tokens, nor is it possible to receive a free game, only free balls.

The legislature under the inherent police power of the State has seen fit to legislate upon the problem of gambling by enacting the statutes here involved. There can be no question but that the machines in the instant case are devices with an element of chance. This the legislature says constitutes such device as a gambling device. It is urged by appellants that this device contains no more of an element of chance by granting play of an additional ball than is found in a baseball game or a bowling alley and certainly such would not be condemned under the statute. As to that we make no comment as such issue is not before us, but we do say that these machines are clearly gambling devices under the clear wording of the statute. The validity of the statute is not attacked and whether it be a wise enactment or not is not for this court to say.

816

In State ex rel. Manchester v. Marvin, 211 Iowa 462, 233 N.W. 486, we held a machine that at times awarded tokens, good only for a replay of the machine, constituted the machine as a gambling device. In State v. Wiley, 232 Iowa 443, 3 N.W.2d 620, we held an amusement machine which at times gave the player an additional free game is prohibited by the statute. Here these machines give player one or more additional balls to shoot as part of a game in which at least five balls are assured. Free tokens of no intrinsic value, free games, or free balls as part of a game—differ only in matters of degree and have been condemned by the legislature. We see no reason or basis for changing the rule announced in the Wiley case. If a change is desirable it is for the legislature to make, not the courts.—Affirmed.

GARFIELD, C. J., and LARSON, THOMPSON and THORNTON, JJ., concur.

MOORE, PETERSON, SNELL and STUART, JJ., dissent.

MOORE, J. (dissenting)—I cannot agree with the majority opinion and respectfully dissent.

When a player inserts a dime in this pinball machine he pays for the privilege of playing a game. When the game is completed he gets nothing. The game consists of shooting at least five balls plus additional shots depending on events during play. If a ball hits a certain bumper or gate he gets an additional shot. If he scores 2000 he gets another shot. All this is part of the game. In bowling, a player may get only 12 shots, a strike each ball. If he does not get a strike in a frame he then gets another ball. In the tenth frame if he knocks down all the pins with one or two balls he then gets a third ball. A golfer pays the green fee to play a game. If his ball stops near a tree or in the rough more shots result. He gets more exercise. He gets the number of shots necessary to complete the game. A pool player pays for the use of the owner's equipment. In "eight ball" the number of shots he gets depends on the events of the game. If by chance the eight ball rolls in a side pocket the game is over. "An element of chance" attends the playing of each of these games.

State v. Boland, 241 Iowa 770, 773, 41 N.W.2d 727, 729, states: "A gambling device is any instrument adapted and designed to play any game of chance for money or other thing of value."

In State v. Boland, supra, and State v. John Doe, 242 Iowa 458, 463, 46 N.W.2d 541, 544, we quote 38 C. J. S., Gaming, section 78, page 133, "* * * the test is not whether the devices are capable of being used purely for amusement or nongambling purposes, but whether their reasonably intended use is for gambling."

38 C. J. S., Gaming, section 1, page 63, states: "There are many devices which may or may not be gaming devices according to the purpose for which they are intended or used; they are gaming devices if used or intended for gaming, but otherwise they are not; and generally in determining whether or not a device is a gambling device the courts will look behind its name and style to ascertain its true character."

In my opinion this pinball game, like bowling, golf and pool, was not reasonably intended to be used for gambling. The machine should not be condemned and destroyed.

The two cases on which the majority opinion relies are clearly distinguishable. In State ex rel. Manchester v. Marvin, 211 Iowa 462, 233 N.W. 486, the machine awarded tokens after it was played. The token could then be used for a new game. In State v. Wiley, 232 Iowa 443, 3 N.W.2d 620, another game was awarded if at the end of the first a certain score was registered. Both involved the winning of a prize from the owner upon completion of the game. In the case at bar the player receives no prize or award at the end of the game. He plays only for his own amusement.

I would reverse.

PETERSON, SNELL and STUART, JJ., join in this dissent.