STATE, Respondent, v. LAKE GENEVA LANES, INC., and another, Appellants.

*November 29—December 20, 1963.*

For the appellants there was a brief and oral argument by *John Morrissy* of Lake Geneva.

For the respondent the cause was argued by *William A. Platz,* assistant attorney general, with whom on the brief were *George Thompson,* attorney general, and *William L. Seymour,* district attorney of Walworth county.

GORDON, J. The question for our determination is whether a pinball machine which provides free plays as a reward to a player as a result of luck (plus some skill) is a "gambling machine" under sec. 945.01 (3), Stats.

The trial judge concluded that it was a gambling machine, and we agree. The legislative pronouncements together with the rulings heretofore made by this court make it clear that the reward of a free game is "something of value," as a matter of law. *State v. Jaskie* (1944), 245 Wis. 398, 14 N. W. (2d) 148; *Milwaukee v. Burns* (1937), 225 Wis. 296, 274 N. W. 273; *Milwaukee v. Johnson* (1927), 192 Wis. 585, 213 N. W. 335.

We recognize that other courts throughout the nation have considered this problem and have not been uniform in their conclusions. Many courts have held that a free play is a thing of value. *State v. Bally Beach Club Pinball*

*Machine* (1956), 119 Vt. 123, 119 Atl. (2d) 876; *Steely v. Commonwealth* (1942), 291 Ky. 554, 164 S. W. (2d) 977; *Giomi v. Chase* (1942), 47 N. M. 22, 132 Pac. (2d) 715; *Broaddus v. State* (1941), 141 Tex. Crim. 512, 150 S. W. (2d) 247. To the contrary, however, there are a number of courts which have reached the conclusion that a free play is not a thing of value. *People v. One Mechanical Device* (1957), 11 Ill. (2d) 151, 142 N. E. (2d) 98; *Crystal Amusement Corp. v. Northrop* (1955), 19 Conn. Supp. 498, 118 Atl. (2d) 467; *State v. Betti* (1945), 23 N. J. Misc. 169, 42 Atl. (2d) 640; *Wigton's Return* (1943), 151 Pa. Super. 337, 30 Atl. (2d) 352.

The instant case is but a refinement of the *Burns Case, supra,* where the reward offered by the machine was in the form of tokens which could only be used to replay the machine. Whether the reward is a token or an automatic free play, we consider that the player gets the same gain and that in each case it is an item of value. As a result of his luck, he is enabled to play another game without the deposit of cash, and this is a thing of value under the statute and our previous decisions.

The appellant seeks to distinguish the machine in the instant case from those involved in previous cases by pointing out that the present machine does not contain a "knock-off" device. This refers to a device on the machine by which the free games can be removed. The fact that the machine cannot be cleared of the free play unless one actually engages in the additional game may serve to reduce the machine's aptitude for commercial gambling. However, it does not relieve it of its inherent flaw. This reasoning applies equally to the absence of any meter in the instant machine which may be designed to tabulate the number of free plays won by the various players. Appellant urges that the *Jaskie Case, supra,* turned upon the fact that the machine in that case was metered; we reject such interpretation.

While the federal taxing authorities do not treat the instant machine as a "gaming device" and therefore do not require a $250 tax therefor, such interpretation is not controlling for purposes of sec. 945.01 (3), Stats. The applicable federal tax statute, 26 USCA, p. 241, sec. 4462 (a), does not denominate a "gaming device" as one which dispenses "something of value." The controlling definition is different from that contained in the Wisconsin statute.

If the Wisconsin legislature ever intended to exempt free-play machines, it clearly has not done so. In the 1957 session of the Wisconsin legislature, Bill No. 44, A., would have exempted the unrecorded right of replay, but it was not adopted. Comments, 42 Marquette Law Review (1958), 98, 101.

Finally, the appellant suggests that free plays should be regarded as *de minimus*. We are unable to treat the matter as petty.

*By the Court.*—Judgment affirmed.