** Summary ** SUSPENSION OF JUDICIAL RETIREMENT COMPENSATION Under 20 O.S. 1102 [20-1102] (1971), judicial retirement compensation should be suspended for a retired judge or justice during the time which he holds any political or judicial office, even if he receives no compensation as an office holder. Judicial retirement compensation should not be suspended while a retired judge represents an indigent accused of crime pursuant to court-appointment, for such appointment is not to any political or judicial office. General has considered your request for an opinion wherein you ask the following questions: 1. Does the last sentence of 20 O.S. 1102 [20-1102] (1971) require that a retired Judge's retirement compensation be suspended during the term of any political or judicial office which he holds for which there is no compensation? 2. Does 20 O. S. 1102 (1971) require that a retired Judge's retirement compensation be suspended if the retired Judge accepts fees from the Court Fund for court-appointed representation of an indigent accused of crime? Title 20 O.S. 1102 [20-1102] (1971), establishes requirement for eligibility for benefits under Oklahoma's judicial retirement system. The last sentence of Section 1102 places the following limitation on eligibility for benefits: "Provided, however, if any retired Justice or Judge should be elected or appointed to any political or judicial office, his retirement compensation shall be suspended during the period of time that he holds such office and be reinstated upon his leaving such office. " (Emphasis added) The only statutory exception to the applicability of the quoted provision of Section 20 O.S. 1102 [20-1102] of Title 20 is found in 20 O.S. 1107 [20-1107] (1971): "Any Judge or Justice retired under the provisions of said Senate Bill No. 494 may, upon written application to the Court Administrator, be assigned judicial duties by the Supreme Court. Provided, such application for assignment or the actual assignment for judicial duty shall not constitute the creation of a public office under the provisions of this Act." Under Section 20 O.S. 1107 [20-1107], retired judges and justices may be assigned judicial duties if they so desire without forfeiting retirement compensation. However, Section 1107 constitutes the only exception to the applicability of Section 20 O.S. 1102 [20-1102]. Section 1102 clearly provides that judicial retirement compensation shall be suspended during the time when the retired judge holds "any political or judicial office. " The phrase "any political or judicial office" clearly includes both unpaid and paid offices. The suspension of compensation was not restricted to the terms of paid office. In contrast, 74 O.S. 818 [74-818] (1971), provides in part that "no employee in the classified service shall be . . . a candidate for nomination or election to any paid public office . . ." The Oklahoma Supreme Court has consistently interpreted the word "any" to be all inclusive. Colbert v. Superior Confection Co., 154 Okl. 28, 6 P.2d 791 (1931). Under such circumstances the familiar rule that the plain meaning of words used in a statute may not be expanded by construction should be applied. Ridley Packing Company v. Holiday, Okl., 467 P.2d 480 (1970); Falter v. Walker,47 Okl. 527, 149 P. 1111 (1915). Therefore, it is the opinion of the Attorney General that your first question should be answered in the affirmative. Title 20 O.S. 1102 [20-1102] (1971) requires that judicial retirement compensation be suspended while a retired judge holds any political or judicial office, even if he receives no compensation for the holding of such office. Your second question should be answered in the negative. Judicial retirement compensation should not be suspended by virtue of the fact that a retired judge is appointed to represent an indigent accused of crime. The appointment is not for "any political or judicial office;" therefore, Section 1102 of Title 20 is not applicable to such representation. (Charles L. Pain)