COMMONWEALTH *vs.* GEORGE C. McCLINTOCK.

Suffolk.    October 19, 1926. — November 22, 1926.

Present: RUGG, C.J., CROSBY, CARROLL, WAIT, & SANDERSON, JJ.

*Lottery.*

A mechanical device whereby, having deposited a nickel in a slot and pulled a lever, the operator receives a package of candy and either no discs or discs in number equalling a certain figure which had been displayed in a recess on the machine before he deposited his nickel, whereupon either a new figure or the word "no" appears in the recess, is a gambling device and its maintenance is a violation of G. L. c. 271, § 7, although the figure in the recess on the face of the machine informed the operator before he played what he was to receive on that play, the chance of gain which was the incentive attracting the player arising from the fact that the following operations, undisclosed until after each operation, may result in a substantial prize.

COMPLAINT, received and sworn to in the Municipal Court of the City of Boston on March 15, 1926, charging that the defendant did set up and promote and maintain a lottery.

On appeal to the Superior Court, the case was tried before *Fosdick,* J., upon an agreed statement of facts, the defendant

"by his attorney" having filed a waiver of a trial by jury. Material facts are stated in the opinion.

The defendant asked for the following rulings:

"1. Upon all the evidence the verdict should be not guilty.

"2. If a person enters into an enterprise and knows exactly what he is going to receive, then there is no gambling or lottery attached to it.

"3. If a person operated the machine in question in this case, and from examination of the machine knew what he was to receive when he deposited the nickel in the slot, then he was not gambling and the machine was not a gaming implement or a lottery.

"4. If the number of premium checks and the amounts could be predicted by the machine or the person operating it, then it would be certain and there will be no element of chance which the law could take into account."

The judge gave the second, and refused to give the other rulings. The defendant was found guilty. A sentence of a fine of $1 was imposed and was stayed pending determination by this court of exceptions saved by the defendant.

The case was submitted on briefs.

· *W. J. Day & J. W. King*, for the defendant.

*J. J. Leonard*, Assistant District Attorney, for the Commonwealth.

CARROLL, J. The defendant was charged with maintaining a lottery. Trial by jury being waived, he was tried before a judge of the Superior Court upon an agreed statement of facts, and found guilty.

The defendant operated a slot machine containing rolls of mints. On its front were the words, "Mints of Quality For 5c. you receive a package of all quality mints and premium checks." On the face of the machine between the words "and premium" there was a "recess in which any number from 'No' to '20' in denominations of two would appear." When a five cent coin was dropped in the slot at the top of the machine and the lever pulled, a package of mints would drop from the slot on the right and discs, corresponding to the number appearing on the face of the

machine before the lever was pulled, would also drop from a slot at the foot of the machine. These discs or premium checks were good for additional packages of mints or "for merchandise to the value of five cents for each disc." When the lever was pulled after depositing the five cent piece, a new number from "No" to "20" would appear in the recess. Before pulling the lever the person dropping the five cent piece in the slot would know what he was to receive. If "No" appeared he would receive no premium check, but would receive a package of mints; if a number up to "20" appeared, he would receive a corresponding number of premium checks redeemable in merchandise.

The lottery statute, G. L. c. 271, § 7, so far as here material is as follows: "Whoever sets up or promotes a lottery for money or other property of value, or by way of lottery disposes of any property of value, or under the pretext of a sale, gift or delivery of other property or of any right, privilege or thing whatever disposes of or offers or attempts to dispose of any property, with intent to make the disposal thereof dependent upon or connected with chance by lot, dice, numbers, game, hazard or other gambling device, whereby such chance or device is made an additional inducement to the disposal or sale of said property . . . shall be punished." A lottery is defined to be "a scheme for the distribution of prizes by chance." *Commonwealth* v. *Mackay*, 177 Mass. 345, 346. Also, "a game in which a price was paid for a chance of a prize, and in which it purported to be determined by chance; that is, by means making the result independent of the will of the manager of the game, according to a scheme held out to the public, whether he who paid the money should have the prize or nothing." *Commonwealth* v. *Sullivan*, 146 Mass. 142, 144, 145.

The enumeration in the recess on the face of the machine informed the operator what he was to receive on each play, but with each operation of the machine there appeared in the recess a number showing the prize to be received on the following play. The chance was in the prospect of gaining this prize. This was the incentive which attracted the player. The chance of gain from the second operation was

the inducement. It was an appeal to the gambling desire, a temptation to take the chance of gaining a substantial prize by continuing to operate the machine. The machine was a gambling device. It was, in fact, a scheme for the distribution of prizes by chance, the price being paid for a chance of a prize. The defendant, therefore, was guilty of maintaining a lottery within the meaning of the statute. *Byk* v. *Enright,* 209 App. Div. (N. Y.) 823, affirmed, 240 N. Y. 699. *Pure Mint Co.* v. *LaBarre,* 96 N. J. Eq. 186. *State* v. *Googin,* 117 Maine, 102. *Cagle* v. *State,* 18 Ala. App. 553. *State* v. *McTeer,* 129 Tenn. 535, and cases cited. The cases relied on by the defendant in his brief are not in conflict with what is here decided, because in those cases the reward did not depend on mere chance.

*Exceptions overruled.*