By the Court.
 

 It is contended by plaintiff in error that the ordinance in question is invalid because it violates the Fourteenth Amendment to the Constitution of the United States and Article I, Section 19 of the Constitution of Ohio.
 

 Many recent decisions are to the effect that slot vending machines of the general type involved in this case, which in return for coins deposited therein dispense merchandise, accompanied at intervals by a varying number of checks or tokens which may be used either for obtaining additional merchandise or for securing additional amusement by continuing the operation of the machine, are gambling devices. 81 A. L. R., note beginning at page 177; 38 A. L. R., note beginning at page 73; 12 Ruling Case Law, 730. These decisions appear generally to be based on the theory that devices of this kind encourage and stimulate the gambling instinct of receiving something for nothing, or more for less, and are in such contravention of sound public policy as to come within laws relating to gambling and the exhibition of gambling devices;
 
 *238
 
 However, our sole function is to decide whether the ordinance before us constitutes a valid exercise of police power on the part of the municipal authorities of the city of Cincinnati.
 

 Generally, the power of municipalities to enact and enforce police regulations within their boundaries is only limited by general laws in conflict therewith. Article XVIII, Section 3, Constitution of Ohio; 8 Ohio Jurisprudence, 347
 
 et seq.;
 
 28 Ohio Jurisprudence, 101.
 

 The constitutional provisions relied upon by plaintiff in error protect the citizen in his right to pursue any lawful business, but they do not prohibit legislation intended to control pursuits which because of their nature have injurious and harmful possibilities. Even if the slot machine involved in this case is manufactured and intended for lawful operation, its potentiality and design is such that it may be easily put to unlawful use. The regulation or prohibition of such a mechanism need not be postponed until such event occurs. This principle is expounded and applied in the following authorities:
 

 Murphy
 
 v.
 
 California,
 
 225 U. S., 623, 56 L. Ed., 1229, 32 Sup Ct., 697;
 
 City of Burlingame
 
 v.
 
 Thompson,
 
 74 Kan., 393, 86 P., 449, 11 Ann. Cas., 64;
 
 City of Shreveport
 
 v.
 
 Dale,
 
 149 La., 439, 89 So., 408; 6 Ruling Case Law, 220
 
 et seq.
 

 The city has the right to determine whether the exhibition, maintenance and operation of slot machines as defined in the ordinance are prejudicial to the public good. 8 Ohio Jurisprudence, 408.
 

 Being of the opinion that the ordinance in question constitutes a valid exercise of police power and that the defendant was properly convicted under it, the judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Allen, Stephenson, Jones, Matthias, Beyis and Zimmerman, JJ., concur.