By the Court.
 

 It may be stated as a general rule that an automatic or mechanical machine which discharges tokens or slugs of a size and shape capable of being replayed into the machine, in reward for successful play, is a gambling device
 
 per se.
 
 The types of machines described in the ordinance as licensable fall within this rule.
 

 The language in the ordinance, “whether accompanied by the return of tokens, slugs or any other evidence of the result of such operation or not,” makes the device so returning tokens or slugs licensable, though the return and the number of tokens returned and the frequency of such return be left wholly to the automatic or mechanical operation of the device. Nowhere in the ordinance is it provided that the machines be so constructed as to place the operation thereof under the control of the skill of the player. Under the terms of the ordinance, it is perfectly proper for the automatic or mechanical operation of the device, without the intervention of the skill of the player, to determine the result of the game. Where the result of a game is determined by the automatic or mechanical operation of the device upon which the
 
 *46
 
 game is played, and not subject to the control of the player, it is a result determined by chance. '
 

 However, for a game to constitute gambling, it must be one which is played for gain of money or a thing of value as the prize or reward.
 

 Appellees contend, substantially, that the only thing the machine affords to the player is amusement; that the tokens emitted have no intrinsic value; that under the terms of the ordinance, the tokens may not be replayed or redeemed; that, therefore, they have no value to the player; and that anything which has no value cannot be said to constitute a prize or reward.
 

 Under the ordinance, the mechanical operation of the device may be accompanied by a return of an indeterminate number of tokens, which of course may be used by the lucky recipient to repeat the operation of the device.
 

 Amusement is a thing of value. Were it not so, it would not be commercialized. The less' amusement one receives, the less value lie receives, and the more amusement, the more value he receives. Whoever plays the device and obtains tokens therefrom receives more value for his nickel, with respect to the amount of amusement obtained, than the player who receives none at all. The player who receives ten tokens receives more value for his nickel, with respect to the amount of amusement, than the player who receives only two. The player who receives fifty tokens' receives more value for his nickel, with respect to the amount of amusement, than the player who receives only ten tokens. However, the number of tokens a player may receive is wholly dependent upon chance. Consequently, the amount of amusement a player receives for his nickel, by virtue of the return of the tokens, is dependent wholly upon chance. The greater the amount of amusement received, the more valuable the prize.
 

 The -minimum amount of amusement offered in each
 
 *47
 
 play is that which is offered without any return of tokens. Whatever amusement is offered through the return of tokens is added amusement which a player has an uncertain chance of receiving. This added amount of amusement, the procurement of which is dependent wholly upon chance, is a thing of value
 
 (Gaither
 
 v.
 
 Cate,
 
 156 Md., 254, 267, 144 A., 239;
 
 State, ex rel. Manchester,
 
 v.
 
 Marvin,
 
 211 Ia., 462, 464, 233 N. W., 486;
 
 Painter
 
 v.
 
 State,
 
 163 Tenn., 627, 45 S. W. [2d], 45, 81 A. L. R., 173;
 
 State
 
 v.
 
 Mint Vending Machine,
 
 85 N. H., 22, 154 A., 224;
 
 Rankin
 
 v.
 
 Mills Novelty Co.,
 
 182 Ark., 561, 32 S. W. [2d], 161), the lure extended by the device to the player.
 

 As well said in the opinion in
 
 Myers
 
 v.
 
 City of Cincinnati,
 
 128 Ohio St., 235, 190 N. E., 569: “These decisions [holding certain slot machines to be gambling devices] appear generally to be based on the theory that devices of this kind encourage and stimulate the gambling instinct of receiving something for nothing, or more for less, and are in such contravention of sound public policy as to come within laws relating to gambling and the exhibition of gambling devices. * * * Even if the slot machine involved in this case is manufactured and intended for lawful operation, its potentiality and design is such that it may be easily put to unlawful use. The regulation or prohibition of such a mechanism need not be postponed until such event occurs.”
 

 The anticipated harmful effect of the operation of such device is disclosed by the provision in the ordinance prohibiting the operation thereof by minors.
 

 Since amusement has value, and added amusement has additional value, and since it is subject to be procured by chance without the payment of additional consideration therefor, there is involved in the game three elements of gambling, namely, chance, price and a prize.
 

 . A device which, for a coin deposited therein, returns
 
 *48
 
 to all players a given amount of amusement, and, in addition thereto, returns tokens as reward, the number and frequency of. which return depends upon chance, is a gambling device within the meaning of Sections 13056 and 13066, General Code, and an ordinance, as the one here involved, which authorizes the licensing of such device, is in conflict with the above-mentioned statutes and is invalid, notwithstanding a provision therein contained forbidding the replaying, cashing or redemption of such tokens.
 

 The fact that Cleveland is a charter city is wholly immaterial to the issue here involved.
 

 The judgment of the Court of Appeals is reversed and that of the Court of Common Pleas affirmed.
 

 Judgment reversed.
 

 Weygandt, C. J., Day, Zimmerman, Williams, Myers and Matthias, JJ., concur.
 

 Hart, J., not participating.