[File No. 6778.]

V. R. MIDDLEMAS, Appellant, v. ALVIN C. STRUTZ, as Attorney General of the State of North Dakota, Respondent.

(299 NW 589)

Opinion filed August 1, 1941.

*Cameron & Cameron,* for appellant.
*Alvin C. Strulz,* Attorney General, for respondent.

BURKE, J.  Plaintiff brought this action in the district court of Burleigh county to recover possession of a device commonly referred to as a pin ball machine which had been seized by the defendant attorney general as a gambling apparatus.  The judgment of the district court was in favor of the defendant and plaintiff has appealed from the judgment.  All of the facts were stipulated at the trial of the case and the sole issue upon this appeal is whether operation or possession of the machine in suit is violative of North Dakota statutes prohibiting lotteries, gambling and the possession of gambling apparatus.

The statutes are as follows:  Section 9660, Compiled Laws of North Dakota 1913.

"Lottery defined.  A lottery is any scheme for the disposal or distribution of property by chance among persons who have paid or promised or agreed to pay any valuable consideration for the chance of obtaining such property or a portion of it, or for any share of or interest in such property, upon any agreement, understanding or expectation that it is to be distributed or disposed of by lot or chance, whether called

a lottery, a raffle or a gift enterprise, or by whatever name the same may be known."

Section 9661, Compiled Laws of North Dakota 1913.

"Lottery a public nuisance. Every lottery is unlawful and a common public nuisance."

Section 9674a1, Supplement to Compiled Laws of North Dakota 1913.

"Gambling. It shall be unlawful to participate in any manner whatever, or to solicit, persuade or entice any person to participate in any manner whatever in any game of cards or other game of chance upon which money or other property is wagered or in which money or other property constitutes a stake."

Section 9675, Compiled Laws of North Dakota 1913.

"Keeping gambling apparatus. It is unlawful to maintain or keep any table, cards, dice or any article or apparatus whatever, useful or intended to be used in playing any game of cards or faro or other game of chance, upon which money is usually wagered."

In order to play the machine, which we have under consideration, the player must first deposit a five cent piece in a slot provided for that purpose. The act of depositing the coin releases five metal balls which the player may elevate one at a time into playing position. The player then, by the use of a spring plunger projects the balls successively up an inclined plane. The course of the balls up the plane is controlled by a trough. Upon reaching the top of the plane the balls are released into a playing field down which they descend by force of gravity, bouncing willy-nilly among spring electrical contacts and other obstructions to the accompaniment of flashing lights and ringing bells. During the course of the play, the score made by the player, which is dependent both upon the particular contacts made by the balls and the order in which they are made, is registered mechanically in electric lights upon a score board at the top of the machine. If the player's score is sufficiently large, he receives as a prize or award, the right to continue to play the machine for an additional number of games, the exact number being determined by the extent to which his score exceeds the minimum prize score. Automatic provision is made for the playing of the additional free games. The number of games which the player has won is registered in lights upon the score board and the coin slot mechanism

is released so that the machine may be operated without depositing additional coins until the free games are exhausted. The player receives no tickets, tokens or checks as evidence of his right to free games or as a means of operating the machine. He may not postpone the acceptance of his award for if he leaves the machine before using his allotment of free games, he surrenders the balance remaining unplayed.

It is conceded by the plaintiff, and we think properly so, that chance is the predominating factor in the play of this machine. It is thus apparent that the elements involved in the ordinary lottery or gambling transaction are present, viz., consideration, chance and a prize. However, in order to constitute the operation of the device a lottery under the statutes above quoted, it is essential that the prize or award which the player may win shall be property or an interest in property.

The definition of Personal Property in the Penal Code is found in § 10,369 Compiled Laws of North Dakota 1913. It reads as follows: "The term 'personal property' includes every description of money, goods, chattels, effects, evidences of right in action, and written instruments by which any pecuniary obligation, right or title to property, real or personal, is created or acknowledged, transferred, increased, defeated, discharged or diminished."

Plaintiff contends that the foregoing definition, since it is the sole definition of property found in the Penal Code, is controlling in the case; that the prize which is offered is neither money, goods, chattels or effects and therefore it is not property within the definition. Conceding that this statute has exclusive application, we do not think it is subject to the restrictive construction which plaintiff would have us place upon it. The language "every description of money, goods, chattels and effects" is broad enough to include every statutory definition of personal property without regard to the particular division of our codes in which it may be found. The word "effects" is one of broad significance. When used alone it has been held to include everything "that can be termed of value." Adams v. Akerlund, 168 Ill 632, 48 NE 454, 456; 14 Words & Phrases, Perm ed 114, 115. When used in conjunction with other words it is limited by them and relates only to things of value which are ejusdem generis. Child v. Orton, 119 NJ Eq 438, 183 A 709, 710. In § 10,369, supra, the word "effects" is used in connection with money, goods and chattels and is thus limited

to embrace personal property only. In that field, however, its meaning is enlarged by the phrase "every description of" to include every kind of personal property. Planters' Bank v. Sharp, 6 How (US) 301, 316, 12 L ed 447, 454.

Under the provisions of § 5245, Compiled Laws of North Dakota 1913, a "thing of which there may be ownership is called property." Section 5246, Compiled Laws of North Dakota 1913, provides there may be ownership of all obligations. An obligation is defined by § 5763, Compiled Laws of North Dakota 1913, to be a "legal duty by which a person is bound to do or not to do a certain thing."

The machine which we are considering is designed to amuse and entertain. At least it is so claimed. When the owner places the machine, with its inviting coin slot, in a public place, that act constitutes an offer to sell the right to use the machine in the manner in which it is designed for use. When the player places his coin in the slot, he accepts that offer and acquires thereby an exclusive right, as against the owner and all others, to the use of the machine for the duration of at least one game. If the player is lucky and wins, the right to the exclusive use of the machine is continued for an indefinite duration. The right to use such a machine for entertainment purposes is a thing of value. See Snyder v. Alliance, 41 Ohio App 48, 179 NE 426; State v. Baitler, 131 Me 285, 161 A 671; Kraus v. Cleveland, 135 Ohio St 43, 19 NE(2d) 159; Rankin v. Mills Novelty Co. 182 Ark 561, 32 SW(2d) 161. Indeed plaintiff would be in a poor position to claim otherwise for it is all that he yields in exchange for the cash he collects from the public. When the player acquires this right, a reciprocal obligation falls upon the owner of the machine. He is obligated to furnish that which the player bargained for. If a player deposits a coin in a machine that is out of order, the owner is obligated to repair the machine, or return the player's coin. The obligation is a legal duty arising from contract. The player acquires the right, the right includes the reciprocal obligation. It is a thing subject to ownership and things subject to ownership are property. People v. Settles, 29 Cal App Supp (2d) 781, 78 P(2d) 274.

The machine here in suit, therefore, is one in the play of which the player pays a valuable consideration for entertainment and an opportunity dependent chiefly upon chance to win a prize or award which

is property. The operation of the device thus falls within the statutory definition of a lottery. The right of the Attorney General to seize a device which is operated as a lottery is conceded. The judgment of the district court is therefore affirmed.

BURR, Ch. J., and NUESSLE, J., and HUTCHINSON, Dist. J., concur.

MORRIS, J., deeming himself disqualified, did not participate, HON. WM. H. HUTCHINSON, Judge of Third Judicial District, sitting in his stead by request.

CHRISTIANSON, J. (dissenting). I dissent. In my opinion the opportunity to play additional free games on the amusement machine involved in this action—which opportunity a player may receive in certain circumstances—does not constitute property, and the operation of such machine does not constitute a lottery within the purview of § 9660, Comp. Laws 1913.