COMMONWEALTH *vs.* ALBERT RIVERS.

Worcester.   September 27, 1948. — November 3, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Lottery.   Words,* "Property of value."

Maintenance of a machine whereby, upon the insertion of a coin and
   the turning of a lever, the operator became entitled to "free games,"
   from one to five hundred depending upon combinations of symbols
   resulting by chance from the play, was a promoting of a lottery in
   violation of G. L. (Ter. Ed.) c. 271, § 7: the "free games" function
   of the machine constituted a prize, or, under the statute, "property
   of value."

COMPLAINT, received and sworn to in the Central District
Court of Worcester on May 5, 1947.

On appeal to the Superior Court, the case was heard by
*Hobson,* J., a judge of a District Court sitting under statu-
tory authority.

*J. F. Killeen,* (*J. S. Derham* with him,) for the defendant.

*J. F. Baxter,* Assistant District Attorney, (*A. B. Cene-
della,* District Attorney, with him,) for the Commonwealth.

DOLAN, J.   On May 5, 1947, a complaint was received
and sworn to in the Central District Court of Worcester
charging that the defendant on May 3 at Jefferson in
Worcester County "was concerned in the setting up of a
lottery or other gaming device for money or other property
of value.   G. L. c. 271, § 7."   On appeal to the Superior
Court he waived his right to a trial by jury.   The case was
heard upon a case stated by a judge of a District Court
sitting in the Superior Court.   The defendant presented a
motion for a finding of not guilty as matter of law which
was denied subject to his exception.   He was then found
guilty and sentenced to pay a fine of $50, but execution of
the sentence was suspended and the case was reported to
this court with the stipulation that "if the verdict of guilty
is warranted by law, the defendant shall stand convicted,

if the verdict of guilty is not warranted by law, it shall be set aside and the defendant discharged."

The facts may be summarized as follows. State police officers on May 3, 1947, went to the bowling alley and pool room owned and operated by the defendant in Jefferson and found there a console type, electrically operated slot machine. Although the defendant was not the owner of the machine, it had been placed in his premises with his knowledge and consent. On the face of the machine were the words "number of coins played," under which were five columns of figures headed by the words "one," "two," "three," "four," and "five." When from one to five nickels were inserted in the slot at the top of the machine and a lever was turned to the right, the face of the machine was illuminated, and three separate, parallel drums, bearing symbols of cherries, oranges, plums, lemons, bells, and bars, were caused to rotate rapidly. "Free games," from one to five hundred depending upon the combinations of symbols resulting from the play, were registered in spaces beneath the five columns of figures upon the face of the machine. "Free games" so registered could be either "played off" by turning the lever to the right, or cancelled by pressure upon a button located at the rear of the machine. Cancellations of "free games" in this manner caused a meter located in the interior of the machine to record the number of "free games" cancelled. The "playing off" of "free games" did not change the reading upon the meter. In the interior of the machine was a device whereby the machine could be converted into a slot machine which would return to a player five cent coins depending in number upon the combination of symbols resulting from the play. One of the police officers inserted a five cent coin into the machine, turned the lever to the right, and received two "free games," one of which he "played off." The other he cancelled. The machine was not regulated so that it might cause to be returned any five cent coins to the officer. No money or other thing of value was given to the officer playing the machine other than the right to play the machine again free of charge by turning the lever to the right. It is pro-

vided in the case stated that "the court shall be entitled to draw all reasonable inferences from the facts as stated." See G. L. (Ter. Ed.) c. 231, § 126.

General Laws (Ter. Ed.) c. 271, § 7, provides: "Whoever sets up or promotes a lottery for money or other property of value, or by way of lottery disposes of any property of value, or under the pretext of a sale, gift or delivery of other property or of any right, privilege or thing whatever disposes of or offers or attempts to dispose of any property, with intent to make the disposal thereof dependent upon or connected with chance by lot, dice, numbers, game, hazard or other gambling device, whereby such chance or device is made an additional inducement to the disposal or sale of said property, and whoever aids either by printing or writing, or is in any way concerned, in the setting up, managing or drawing of such lottery, or in such disposal or offer or attempt to dispose of property by such chance or device, shall be punished by a fine of not more than two thousand dollars or by imprisonment for not more than one year." The complaint, to the form of which no objection was taken, sufficiently charges violation of this statute. *Commonwealth* v. *McClintock*, 257 Mass. 431, 434.

The essential elements of a lottery are the payment of a price and the possibility of winning a prize, depending upon hazard or chance. *Commonwealth* v. *Wright*, 137 Mass. 250, 251. *Commonwealth* v. *McLaughlin*, 307 Mass. 230, 232. *Commonwealth* v. *Lake*, 317 Mass. 264, 267. *Commonwealth* v. *Wolbarst*, 319 Mass. 291, 292. In the present case the five cent piece put into the machine was the price and the game is purely one of chance. *Commonwealth* v. *Bowman*, 267 Ky. 602. *State* v. *Kilburn*, 111 Mont. 400. *State* v. *Coats*, 158 Ore. 122. The decisive issue is whether the "free games" function of the machine constitutes a prize or, in the language of the statute, "property of value." That issue does not appear to have been decided heretofore by this court, but in many cases where the same issue has been presented in other jurisdictions it has been held that the free game is an "other valuable thing," *People* v. *One Pinball Machine*, 316 Ill. App. 161, *Milwaukee* v. *Burns*,

225 Wis. 296; is "a thing of value," *State* v. *Wiley*, 232 Iowa, 443, *State* v. *Baitler*, 131 Maine, 285, *Oatman* v. *Port Huron Chief of Police*, 310 Mich. 57, *Giomi* v. *Chase*, 47 N. M. 22, *Colbert* v. *Superior Confection Co.* 154 Okla. 28, *Alexander* v. *Hunnicutt*, 196 S. C. 364, *Painter* v. *State*, 163 Tenn. 627, *State* v. *Langford* (Tex. Civ. App.) 144 S. W. (2d) 448; is "of value," *Harvie* v. *Heise*, 150 S. C. 277; is "representative of value," *Thamart* v. *Moline*, 66 Idaho, 110; is a "valuable thing," *Jenner* v. *State*, 173 Ga. 86, *Hunter* v. *Mayor & Council of Teaneck*, 128 N. J. L. 164, 170; "represent[s] some value and constitute[s] property," *Giomi* v. *Chase*, 47 N. M. 22, 27; and is "property," *Middlemas* v. *Strutz*, 71 N. D. 186, 189–190. See *Watson* v. *Boston*, 209 Mass. 18, 23; *Titus* v. *Terkelsen*, 302 Mass. 84, 86. In *State* v. *Baitler*, 131 Maine, 285, 286–287, where a machine or device, similar as to free plays to that under consideration here, was involved, where tokens permitting free play had no monetary or commercial value, the court held that it was a device "producing things of value, by chance," within the meaning of the Maine statute (Rev. Sts. [1944] c. 136, § 18), that the element of chance was always present, that some customers got more than others, that the allurement of something for nothing was attendant, that each token was a ticket to part of the game, and, citing *Painter* v. *State*, 163 Tenn. 627, 632, to the effect that a "thing of value" to be the subject of gaming may be "any" thing affording the necessary lure to indulge the gambling instinct. See *Commonwealth* v. *Wolbarst*, 319 Mass. 291, 294–295. In *Kraus* v. *Cleveland*, 135 Ohio St. 43, it was held in substance that tokens delivered by the device for free play constituted the right to further amusement free and that, since amusement has value, additional amusement also has value. *State* v. *Mint Vending Machine*, 85 N. H. 22, 28. See *Commonwealth* v. *Ward*, 281 Mass. 119, 122, and cases collected in 24 Am. Jur., Gaming & Prize Contests, § 35, at page 423, and in 135 A. L. R. 104 et seq. In *State* v. *Wiley*, 232 Iowa, 443, reaching the same result, cases in support from many other jurisdictions are reviewed. It would serve no useful purpose to discuss them here in

detail. By the great weight of authority it is settled as to machines or devices by the operation of which free plays may be had by chance or hazard that the free plays are something of value or property of value within the meaning of the statutes involved, that it is the right to operate the machine an additional time or times that is the thing played for, and not the token which represents the value. There are cases in a few jurisdictions where it has been held that free plays are not per se things of value,[1] but we are persuaded that the contrary view supported by the great weight of authority of other courts of this country is sustained by the reasoning upon which the results in those cases are based, and we are in accord therewith. In the present case it seems that no tokens representing free plays were delivered by the machine, but rather that the machine operated as to free plays by an automatic recorded score. But as is said in *Alexander* v. *Martin*, 192 S. C. 176, 183, "It matters little whether . . . [the right to play the machine without additional cost] was evidenced by tokens or by an automatic recorded score." And as pointed out before, it is the free play itself that is the "property of value" however evidenced.

In the instant case there are present in the operation of the machine "three elements of gambling, namely, chance, price and a prize," *Kraus* v. *Cleveland*, 135 Ohio St. 43, 47; *Hunter* v. *Mayor & Council of Teaneck*, 128 N. J. L. 164, 169, the price being the five cent piece deposited in the machine, the prize a possibility by chance or hazard to obtain further amusement free. That prize we hold to be "property of value" within the meaning of G. L. (Ter. Ed.) c. 271, § 7. It follows that the defendant was rightly adjudged guilty of violation of that statute.

*Judgment affirmed.*

---

[1] See *Mills Novelty Co.* v. *Farrell*, 64 Fed. (2d) 476, 478 (C. C. A. 2); *Davies* v. *Mills Novelty Co.* 70 Fed. (2d) 424, 426, (C. C. A. 8); *Commonwealth* v. *Mihalow*, 142 Pa. Sup. Ct. 433, 439; and the dissenting opinion in *State* v. *Wiley*, 232 Iowa, 443, 453–456.