**UNITED STATES of America**

v.

**TWO HOLLYCRANE SLOT MACHINES**
**Nos. 1648–30 and 1650–30.**

**Misc. Civ. No. 51–69.**

United States District Court
D. Massachusetts.

Dec. 21, 1955.

Francis DiMento, Asst. U. S. Atty., Boston, Mass., for plaintiff.

Thomas W. Crosby, Boston, Mass., for defendant.

ALDRICH, District Judge.

This is a libel for forfeiture of two so-called "Hollycrane Digger-Type Machines," hereinafter called "diggers," under the Johnson Act, 15 U.S.C.A. §§ 1171–1177. The Johnson Act makes the transportation in interstate commerce of certain defined "gambling devices" illegal. It provides for confiscation of such articles so transported, unless they are being transported into a state "which has enacted a law providing for the exemption of such State from the provisions of this section". 15 U.S.C.A. § 1172. "Diggers" are included in the definitions, and it is agreed that the two such seized in this case were transported

in interstate commerce into Massachusetts. The only question is whether Massachusetts "has enacted a law providing for the[ir] exemption."

■ The Massachusetts court has always exhibited a strict attitude towards gambling devices. It has held a "digger" such as the ones now in suit to be an "apparatus for the purpose of playing at an unlawful game or sport" within the provisions of the gaming statute, Mass.G.L. (Ter. Ed.) Ch. 271, § 5. Commonwealth v. Plissner, 295 Mass. 457, 4 N.E. 241. In view of the fact, as I find, that these machines offer for a price a chance for a prize (cigarette lighters, clocks, and other specialty articles), in which the element of chance predominates over skill, that decision is manifestly correct. The court, however, has made the same holding as to machines whose only prize offered was additional free play. Commonwealth v. Rivers, 323 Mass. 379, 82 N.E.2d 216. Perhaps as a result of this last decision, the legislature passed a statute for the licensing of "automatic amusement devices", "including free play pinball machines." Mass.G.L. (Ter. Ed.) Ch. 140, § 177A, as amended St.1949, c. 361. But there is nothing in that statute, except for the last quoted clause, not here applicable, which legalizes any device offering a chance for a prize in violation of Ch. 271, § 5. Therefore a "digger" could not legally be licensed under this statute, and the acts of certain Massachusetts municipal officers in granting such licenses, as I find they have, are void and of no effect. Commonwealth v. Ward, 281 Mass. 119, 183 N.E. 271.

■ The claimant contends that Massachusetts has passed a statute exempting "diggers" from the effect of the Johnson Act. After that act was passed the Massachusetts Legislature added § 5A to Chapter 271, St.1951 Mass. c. 483. It is true that this statute makes interesting comparison with the Johnson Act. The Johnson Act covers two types of "gambling devices,"—"slot machines," commonly known as "one-armed bandits," and "diggers." Section 5A forbids the manufacture, transportation, or use of "any gambling device", but it defines a gambling device "As used in this section," as a "slot machine," using the language of § 1171(a) (1) of the Johnson Act, and omits entirely the language of § 1171 (a) (2) of the Johnson Act, referring to "diggers."

While Ch. 271, § 5A, did not in terms provide for an exemption of "diggers" from the Johnson Act, the claimant contends that its obvious intent was, by omission and inference, so to provide. This may be a justifiable inference. However, the inference can also be drawn that Massachusetts merely was not sufficiently concerned with diggers, as distinguished from slot machines, to pass a special act providing more forms of local enforcement against them than already existed under Ch. 271, § 5, which remained in effect.

Where Congress had passed a law for general enforcement except insofar as any particular state enacts an "exemption of such State" from its provisions, it would be a simple matter for a state to enact such exemption in explicit terms. Where this is not done I do not think the federal authorities should be left to arguments or inferences as to the effect of some statute which neither mentions the Johnson Act, nor specifies an exemption from its provisions.[1] Particularly I believe this to be so where the state still has on its books a gaming act of which diggers have been found to be in violation.

A decree of forfeiture will be entered.

1. Taking § 5A simply by itself, it is obvious that a majority of the Legislature could have voted for it without in any way realizing its now suggested effect. While, of course, I do not know whether that was so, I do believe that a law intended as an exemption should indicate that intent on its face, and not simply as a result of arguable inference based on a minute comparison of its provisions with those of the statute of another sovereignty to which it makes no reference.