COMMONWEALTH *vs.* JOSEPH FRATE.

Suffolk.  April 5, 1989. — May 10, 1989.

Present: WILKINS, LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Lottery. Gaming. Evidence,* Cross-examination. *Practice, Criminal,* Instructions to jury. *Words,* "Gambling device."    .

A criminal defendant's motion for a required finding of not guilty on a complaint alleging possession of a gambling device in violation of G. L. c. 271, § 5A, should have been allowed, where the machine in question had no "reel or drum," and thus was not a "gambling device" as defined in that statute. [53-54]

At a criminal trial, the prosecutor's cross-examination of a defense witness on the issue of the witness's bias and interest in the outcome of the case was relevant and proper. [54]

At the trial of a complaint under G. L. c. 271, § 7, the judge correctly instructed the jury on the elements of a lottery, and he was not required to render an instruction in the exact words of the defendant's request. [54]

The evidence presented at the trial of a complaint for setting up or promoting a lottery in violation of G. L. c. 271, § 7, was clearly sufficient to withstand the defendant's motion for a required finding of not guilty. [54-55]

COMPLAINT received and sworn to in the West Roxbury Division of the District Court Department on April 14, 1987.

On appeal to the jury session of the Boston Municipal Court Department the case was tried before *Barbara Dortch,* J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Thomas P. Collins* for the defendant.

*Deborah E. Breen,* Assistant District Attorney, for the Commonwealth.

NOLAN, J. The defendant has appealed from his convictions of violating G. L. c. 271, § 5A (count 1) (possession or use of a gambling device) and § 7 (count 3) (setting up and promoting a lottery). We reverse his conviction under § 5A and affirm his conviction under § 7.

The defendant developed a machine which he called "Compupic" [1] and installed it at the American Legion post on Tremont Street in the Roxbury section of Boston. It resembled somewhat a slot machine. A player would insert a coin, lights would flash and numbers would be electronically generated. Sometimes coins would be disgorged as prizes.

1. *Gambling device.* The Legislature has made it a criminal offense to manufacture, transport, sell, offer for sale, store, display, repair, recondition, possess or use "any gambling device." G. L. c. 271, § 5A. The same statute defines a "gambling device" as "any so called 'slot machine' or any other machine or mechanical device an essential part of which is a drum or reel with insignia thereon, and which, when operated, may deal, as a result of the application of an element of chance, any money or property; or by the operation of which a person may become entitled to receive, as a result of the application of an element of chance, any money or property." Mindful

[1] A notice on the machine provided as follows: "No purchase necessary. Each purchase of a COMPUPIC[ ] daily number for use in the state daily lottery gives you a free entry automatically into the COMPUPIC[ ] sweepstakes with instant prizes of from 2 to 400 coins. However, no purchase is necessary

"To enter COMPUPIC[ ]'s instant winning sweepstakes without a purchase, print your name, address and zip code on a three-by-five piece of paper and send it, along with a stamped, self-addressed return envelope, to COMPUPIC[ ] Sweepstakes, . . . Limit of one free entry per request, one request per envelope. There will be a minimum of at least 10,000 coins awarded, and a maximum of 10,399, at which time the sweepstakes will end.

"Prizes vary from 2 to 400 coins. The odds of winning a prize are no less than 1 in 1,000. Taxes, if any, are the sole responsibility of the winners. The sweepstakes is void where prohibited by law. All federal, state and local laws shall apply.

"Your COMPUPIC[ ] daily number is selected for you by a unique computer number generator specifically created for the purpose of selecting the number. There is no claim or guarantee that the number selected for you has any greater chance or potential for winning — for matching the so-called state daily number than any other number selected.

"COMPUPIC[ ] sweepstakes winners are selected by a separate and independent computer programmed to pick winners and prizes at random. There is no relationship between the daily number selected for you by COMPUPIC[ ] and the winning of a prize in this sweepstakes. We wish you luck and success in both COMPUPIC[ ] sweepstakes and the state daily lottery."

that a criminal statute must be construed strictly against the Commonwealth (*Commonwealth* v. *Perry*, 391 Mass. 808, 813 [1984]), we conclude that the defendant's machine does not meet this definition because the machine had no "reel or drum" and, therefore it was error to deny his motion for a required finding of not guilty as to count 1. Without a "reel or drum," it is not a "gambling device" within G. L. c. 271, § 5A.

2. *Cross-examination of Mr. Hanlon.* The defendant presented Attorney Leonard Hanlon as a witness. Mr. Hanlon testified as to the advice he had given the defendant regarding the design and construction of his machine to avoid criminal liability. On cross-examination, subject to the defendant's objection, the judge permitted the prosecutor to interrogate Mr. Hanlon as to whether he had represented other manufacturers or owners of slot machines and whether he or other clients had tried to persuade clubs and halls to permit these machines to be operated on the premises. There was no error. Among other reasons, such evidence was relevant on the issue of Mr. Hanlon's bias and interest in the outcome of this case. See *Commonwealth* v. *Graziano*, 368 Mass. 325, 330 (1975), *S.C.*, 371 Mass. 596 (1976).

3. *Jury instructions.* The defendant requested the following instruction: "That if the jury finds that the Defendant did not require any consideration for the chance to win the incentive jackpot then they must find him not guilty of Count 3."

We examine the charge to the jury to determine its impression as a whole. *Commonwealth* v. *Kelley*, 359 Mass. 77, 92 (1971). A judge is not required to render an instruction in the exact words of the request. *Id.* Here, the judge at least four times instructed that the payment of consideration or price was an element which the Commonwealth had to prove. The defendant can ask for no more.

4. *Setting up or promoting a lottery.* As to G. L. c. 271, § 7, the Commonwealth was required to demonstrate the elements of a lottery. These elements are "the payment of a price and the possibility of winning a prize, depending upon hazard or chance." *Commonwealth* v. *Rivers*, 323 Mass. 379, 381

(1948). There was "enough evidence that could have satisfied a rational trier of fact of each such element beyond a reasonable doubt." *Commonwealth* v. *Latimore*, 378 Mass. 671, 677-678 (1979). The price was one quarter, and the prize was possibly a number of quarters. Clearly, the prize was dependent on chance. Therefore, it was not error to deny the defendant's motion for a required finding of not guilty as to count 3 alleging a violation of § 7. Accordingly, judgment is affirmed as to the count 3.

The judgment under G. L. c. 271, § 5A, is reversed and the verdict is set aside. Judgment on that count is to be entered for the defendant. The judgment under G. L. c. 271, § 7, is affirmed.

*So ordered.*