The STATE of Ohio, Appellee,

v.

BROWN, Appellant.

[Cite as *State v. Brown* (1996), 116 Ohio App.3d 389.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15712.

Decided Dec. 27, 1996.

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *Steven J. Ring*, Assistant Prosecuting Attorney, for appellee.

*Victor A. Hodge*, for appellant.

GRADY, Judge.

Joe N. Brown appeals from his conviction and sentence for gambling and operating a gambling house.

Brown owns and operates a restaurant, Joe & Margaret's Diner, in a building he leases at 2701 East Third Street, Dayton. Detective Kraig Kirves is a member of the Dayton Police Department's vice squad who has special training and experience in gambling devices, including video slot machines.

On May 24, 1994, Det. Kirves entered Brown's restaurant, where he observed several video slot machines with which he is familiar. The machines are called "Cherry Master" and "Lucky 8 Lines." Det. Kirves played one of the machines in the front of the restaurant, and then moved to the back of the restaurant, where he played another machine.

In order to play these machines a player must insert an amount of money into the machine, and he then receives a certain number of credits. The player may "bet" whatever number of credits he chooses on a particular spin. The player spins the machine by pushing a button. There is no skill involved, and the result produced by the machine on any particular spin is purely a matter of chance. If on a particular spin certain fruits, bars, or numbers are matched, the player "wins" additional credits, which affords him additional playing time on the machine without payment of more money.

After playing the video slot machines, Det. Kirves obtained a search warrant, which was executed on May 25, 1994. Police confiscated three Lucky 8 Lines machines and one Cherry Master machine from the restaurant. Joe Brown was arrested and subsequently charged in case No. 94–CR–1443 with operating a gambling house, in violation of R.C. 2915.03(A)(2). At the time of his arrest, Brown told police that he makes $30 or $40 a week from the machines in his restaurant.

A few weeks later, after receiving complaints that gambling machines were back on the premises, Det. Kirves once again went to the restaurant, where he observed a Cherry Master machine. Det. Kirves then obtained another search warrant, which was executed on October 8, 1994. At that time, one Cherry Master machine was confiscated. That machine did not work, however. Local law enforcement officials once again charged Joe Brown, this time with gambling in violation of R.C. 2915.02(A)(2) and operating a gambling house in violation of R.C. 2915.03(A)(2). This was case No. 94–CR–2914.

The two cases were consolidated. At the ensuing trial to the court, in addition to testimony by Det. Kirves, the state presented testimony from customers of the restaurant who had played the video slot machines. The state also presented evidence which demonstrated that, in 1991, Joe Brown was convicted of identical gambling offenses. The trial court found Joe Brown guilty as charged in both cases, and sentenced him according to law.

Joe Brown has timely appealed to this court from his conviction and sentence. He presents three assignments of error, all of which concern the weight and sufficiency of the evidence.

"First Assignment of Error

"The trial court erred in ruling that playing a game for amusement constitutes giving 'anything in value in the hope of gain.'

"Second Assignment of Error

"The evidence is insufficient to prove beyond a reasonable doubt the offense of operating a gambling house as charged in 94–CR–1443.

"Third Assignment of Error

"The evidence is insufficient to prove beyond a reasonable doubt the offenses of gambling and operating a gambling house as charged in 94–CR–2914."

Joe Brown was convicted of gambling, R.C. 2915.02(A)(2), and operating a gambling house, R.C. 2915.03(A)(2). Those statutes provide respectively:

"No person shall do any of the following:

" * * *

"Establish, promote, or operate or knowingly engage in conduct that facilitates any scheme or game of chance conducted for profit."

"No person, being the owner or lessee, or having custody, control, or supervision of premises, shall:

" * * *

"Recklessly permit such premises to be used or occupied for gambling in violation of section 2915.02 of the Revised Code."

R.C. 2915.01 defines "game of chance":

"(D) 'Game of chance' means poker, craps, roulette, a slot machine, a punch board, or other game in which a player gives anything of value in the hope of gain, the outcome of which is determined largely or wholly by chance."

"Game of chance conducted for profit" means:

"[A]ny scheme or game of chance designed to produce income for the person who conducts or operates the scheme or game of chance, but does not include a charitable bingo game."

"Recklessly" is defined in R.C. 2901.22:

"(C) A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

Joe Brown argues that the evidence presented by the state failed to demonstrate that he operated or knowingly engaged in conduct that facilitated a "game of chance," a necessary element of both charged offenses.

Pursuant to R.C. 2915.01(D), a "game of chance" is any game in which a player gives anything of value *in the hope of gain*, the outcome of which is determined largely or wholly by chance. According to Brown, "gain" connotes receiving something which has pecuniary value, such as money, free food, or some type of gift. It does not include the concept of "added amusement," which may be

derived from winning additional playing time on these video slot machines without paying additional money. We disagree.

In *Stillmaker v. Ohio Dept. of Liquor Control* (1969), 18 Ohio St.2d 200, 47 O.O.2d 437, 249 N.E.2d 61, the Ohio Supreme Court stated in paragraphs two and three of the syllabus:

"Amusement has value and added amusement has additional value, and where added amusement is subject to be procured by chance without the payment of additional consideration therefor, there is involved in the game the elements of gambling, namely, price, chance and a prize. (*Kraus v. Cleveland*, 135 Ohio St. 43, 19 N.E.2d 159, approved and followed.)

"Where the player of a coin-operated mechanical device for amusement purposes must pay ten cents a piece (a price) initially to activate lighted cards (similar in nature to bingo cards) with which a score may be achieved, but upon obtaining a score he wins the right to have a number of such cards (according to the score) activated on the next play without paying an additional ten cents apiece for them thereby gaining additional amusement (a prize), and there is no guarantee of making any score whatsoever (a chance), all the elements of gambling are present and the coin-operated mechanical device is a gambling device *per se.*"

■ *Stillmaker* continues to be the rule of law in Ohio, and this court is bound to follow it. Therefore, we hold that where the evidence demonstrates that by placing money into a video slot machine a player can acquire or win, purely by chance, additional playing time on that machine without paying any additional money, thereby gaining added amusement, the state has proved the existence of a "game of chance" as that term is defined in Ohio's gambling statutes.

■ In reviewing either the weight or sufficiency of the evidence supporting a criminal conviction, the same test is applied. Our function is to examine the evidence admitted at trial and to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt. *Id.* On the trial of a case, either civil or criminal, the weight to be given the evidence and credibility of the witnesses are primarily for the trial court. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212.

■ With respect to case No. 94–CR–1443 and the criminal conduct occurring on or about May 24, 1994, viewing all of the evidence presented by the state in a light most favorable to the prosecution, including Det. Kirves's testimony and

Brown's statements he made to the police at the time of his arrest, a rational trier of fact could have found all of the elements of operating a gambling house proved beyond a reasonable doubt. The first and second assignments of error are therefore overruled.

■ With respect to case No. 94–CR–2914 and the conduct occurring on or about October 8, 1994, the only evidence that the state offered of any gambling activity on that date is the Cherry Master machine police seized from Brown's restaurant. That machine was not operable. There is no evidence that anyone had used that machine for gambling activities on that date or earlier, nor is there any evidence of an intention on Joe Brown's part to render that machine operable. Accordingly, there is no evidence that any gambling took place on or about October 8, 1994, as the state charged.

■ Moreover, we do not find evidence of any conduct by Joe Brown on or about October 8, 1994, that "facilitated" gambling activities. While the mere knowing possession of operable gambling equipment that can be used for gambling might be sufficient, the possession of inoperable gambling equipment, without more, is not sufficient. Absent evidence of gambling or conduct on Brown's part which facilitated gambling, Joe Brown cannot be convicted for violating either R.C. 2915.02(A)(2) or 2915.03(A)(2) with respect to his activities on or about October 8, 1994.

On the state of this record, even construing the evidence presented in a light most favorable to the prosecution, a rational trier of fact could not find all of the elements of gambling or operating a gambling house proved beyond a reasonable doubt. The third assignment of error is sustained.

Defendant's conviction for gambling and operating a gambling house in case No. 94–CR–2914 will be reversed and vacated. The judgment of the trial court in case No. 94–CR–1443 will be affirmed.

*Judgment accordingly.*

BROGAN, P.J., and WOLFF, J., concur.