THE STATE, EX REL. GABALAC, APPELLANT, v. NEW
UNIVERSAL CONGREGATION OF LIVING SOULS ET AL.,
APPELLEES.

[Cite as State, ex rel. Gabalac, v. Congregation (1977),
55 Ohio App. 2d 96.]

(No. 8341—Decided July 13, 1977.)

*Mr. Stephan M. Gabalac*, prosecuting attorney, and
*Ms. Susan E. Boyet*, for appellant.
*Mr. John Snoderly*, for appellees.

MAHONEY, P. J. The sole issue in this appeal is the
constitutionality of R. C. 2915.02(C), which provides:
"This section does not prohibit conduct in connec-
tion with gambling expressly permitted by law."
We affirm the trial court's judgment in finding the
statute constitutional and denying injunctive relief to the
plaintiff.
The plaintiff, who is the county prosecuting attorney,
commenced this action to enjoin the defendants, New

Universal Congregation of Living Souls *et al.*, from conducting "festivals" at which poker and blackjack are played. Plaintiff contends that such authorization is an unconstitutional exercise of legislative power in violation of Section 6, Article XV, of the Ohio Constitution.

### Assignment of Error I

"The lower court erred in determining that the Ohio constitutional prohibition against lotteries, Article XV, Section 6, did not prohibit the games of chance permitted by Section 2915.02(C) of the Ohio Revised Code."

This assignment is predicated upon an expanding of the definition of the word "lottery" to include all gambling. We cannot adhere to this view. A lottery is a scheme whereby a monetary consideration is paid and the winner of the prize is determined by lot or chance. *Stevens v. Cincinnati Times-Star Co.* (1905), 72 Ohio St. 112, 147. A lottery is a species of gambling. The term "gambling" is broader and encompasses more than the term "lottery". *Westerhaus Co. v. Cincinnati* (1956), 165 Ohio St. 327, 339.

Section 6, Article XV, of the Ohio Constitution, reads:

"Lotteries, and the sale of lottery tickets, for any purpose whatever, shall forever be prohibited in this State, *except that the General Assembly may authorize an agency of the state to conduct lotteries, to sell rights to participate therein, and to award prizes by chance to participants, provided the entire net proceeds of any such lottery are paid into the general revenue fund of the state and the General Assembly may authorize and regulate the operation of bingo to be conducted by charitable organizations for charitable purposes.*" (Emphasis added.)

The recent amendment of Section 6, Article XV, emphasized above, overcame the prior constitutional inability of the General Assembly to legalize charitable bingo. See, *e. g., Columbus v. Barr* (1953), 160 Ohio St. 209, 212.

We conclude that Section 6, Article XV, prohibits only one type of gambling—namely, lotteries. Therefore, the legislature can pass laws legalizing other forms of gambling. Those cases cited, holding otherwise, deal only with the power of municipal corporations to legalize gambling in the face of statutory strictures against gambling

and were decided on the basis of the paramount police power of the state. *Kraus* v. *Cleveland* (1939), 135 Ohio St. 43, 48; *State, ex rel. Sergi,* v. *Youngstown* (1941), 68 Ohio App. 254, 258.

A cogent example of the power of the General Assembly to permit non-lottery type gambling is found in Ohio's Horse Racing Law, R. C. Chapter 3769. See, *e. g., State* v. *Eldred,* 32 N. P. (N. S.) 268, 271 (Hamilton County, C. P. 1934).

We hold that the constitution is silent with regard to other forms of gambling. We agree with the trial judge that each type of gambling must be separately analyzed to see if it is a lottery. Those forms of gambling which are not lotteries may be permitted by the General Assembly.

### Assignment of Error II

"The lower court erred in not finding that Ohio Revised Code Section 2915.02(C) when read in conjunction with Ohio Revised Code Section 2915.01(Z) delegates to the federal legislature and the Internal Revenue Service the legislative power of the Ohio State Legislature in contravention of Article II, Section One of the Ohio State Constitution."

This assignment does not distinguish between enactments of the legislature which imperatively command or prohibit the performance of acts and those which only authorize or permit them. Federal tax exempt status is merely a condition precedent to the exercise of the acts authorized by the statute. See, *e. g., Carpenter* v. *Cincinnati* (1915), 92 Ohio St. 473. The imposition of these conditions on the exercise of the power granted under R. C. 2915.02 (C) does not constitute a delegation of legislative power. See, *Opdyke* v. *Security S. & L. Co.* (1952), 157 Ohio St. 121, 154.

We overrule both assignments of error and affirm the judgment of the trial court.

*Judgment affirmed.*

BELL and VICTOR, JJ., concur.