Royce O. Griffin Securities Commissioner Division of Securities Department of Regulatory Agencies 1525 Sherman St., 2d Floor Denver, Co. 80203
Dear Mr. Griffin:
I am writing in response to your request for a formal legal opinion concerning your proposed amendment to the transactional exemption of C.R.S. 1973, 11-51-113(2)(o).
This section at present provides an exemption from Colorado registration for "any offer or sale of a security not constituting an intrastate offering." The amendment which you have submitted to the legislature would cause the section to read: "(o) Any offer or sale of a security if a notice or filing with respect to such offer or sale is made pursuant to the Securities Act of 1933 with the Securities and Exchange Commission."
QUESTION PRESENTED AND CONCLUSION
Your inquiry raises the specific question:
Is this amendment an unlawful delegation of power under the Colorado Constitution?
 It is not unconstitutional for the Colorado Legislature to refer to federal law in a Colorado statutes. However, any changes in the federal law which occur after the Colorado statute is amended may not be incorporated into Colorado law through the present legislation.
ANALYSIS
The opinion to you dated January 28, 1983, sets forth a general discussion of law concerning delegation of authority and incorporation by reference. As stated in that opinion, there is no constitutional problem in your referring to the federal scheme of securities regulation. You are concerned about the effect on Colorado law of amendments to the federal legislation.
Your first proposed amendment required not only a filing or notice to be made, but also that the exemption be valid under the federal scheme. Thus the amendment would incorporate the federal scheme as it existed when Colorado approved the amendment. Federal amendments would not automatically become Colorado law.
Under your second proposed amendment, the exemption is effective when the notice or filing is made. Colorado would not be concerned with the information contained in the notice or filing documents, for example, but rather with the sole fact of having filed. Thus a change by the federal authorities in the contents of those documents would not affect the Colorado exemption. However, if the second proposal is passed by the legislature, Colorado would be adopting the filing or notice requirement as it exists presently. If the federal authorities abolish the filing or notice requirement, the Colorado exemption would be meaningless.
This second proposal is similar to the statute addressed inPeople v. Tenorio, 197 Colo. 137, 590 P.2d 952
(1979) which was discussed in my earlier opinion. InTenorio, the court dealt with a statute which was not concerned with the types of conduct in other states which would result in a felony conviction but rather with the fact of whether or not a person had been labeled a "felon" in any jurisdiction. Thus changes in another state's criminal code would not affect Colorado's application of its law because Colorado need not inquire into the conduct which led to the felony conviction; the only issue for Colorado to resolve is a person's status as a felon.
If your second proposal is enacted, the act of having filed with the Securities Exchange Commission becomes the fact upon which the Colorado exemption depends. Support for this type of regulation can be found in the cases cited in the earlier attorney general opinion. Other authorities are PrincetonTownship v. Bardin, 371 A.2d 776 (N.J. 1977), in which a state tax exemption depended upon a landowner's being able to qualify as a "nonprofit organization" under federal tax regulations and State ex rel Gabalas v. NewUniversal Congregation of Living Souls, 379 N.E.2d 242 (Ohio Ct. of App. 1977) in which an interpretation of state gambling statutes was involved. The court found no constitutional infirmities in a scheme wherein "federal tax exempt status is merely a condition precedent to the exercise of the acts authorized by statute." Id. at 244-45.
SUMMARY
In conclusion, it is my opinion that it is not an unconstitutional delegation of power to amend the statute to provide that a non-intrastate offering is exempt from Colorado registration if a filing or notice with respect to that offer has been made with the Securities and Exchange Commission.
Very truly yours,
 DUANE WOODARD Attorney General
PUBLIC AGENCIES UNITED STATES SECURITIES STATUTES STATUTORY CONSTRUCTION
C.R.S. 1973, 11-51-113(2)(o) C.R.S. 1973, 2-4-209
REGULATORY AGENCIES, DEPT. Securities, Div. of
It is not an unconstitutional delegation of authority to enact a statute which provides that a non-intrastate securities offering is exempt from the Colorado registration requirement if a notice or filing with respect to such offer or sale is made pursuant to the Securities Act of 1933 with the Securities and Exchange Commission.